[No. 6,375.]

## McCRACKEN v. HARRIS et al.

54    81
111   486

54    81
146   32

Homestead. — A judgment obtained after a declaration of homestead, unless secured by a mortgage, or mechanic's, laborer's, or vendor's lien, cannot be enforced against the homestead, although an attachment may have been levied upon the premises before the filing of the declaration of homestead.

Injunction — Undertaking. — Section 529 of the Code of Civil Procedure provides that the Court, (except where the people are party plaintiff) on granting an injunction, shall require a written undertaking on the part of the plaintiff; and this provision is applicable, whether the injunction be granted upon an *ex parte* application, or upon an order to show cause.

Appeal from an order granting an injunction, and from an order refusing to dissolve the same, in the Twentieth District Court, County of Santa Clara. Belden, J.

The injunction in this case was granted by the Court, after an order to show cause, without requiring an undertaking on the part of the plaintiff. In regard to the order refusing to dissolve the injunction, the bill of exceptions states that "the Court denied said motion, and held and decided that no undertaking was required on issuing an injunction on hearing or notice." The other facts are stated in the opinion.

*Frs. E. Spencer*, for Appellant.

The effect and office of an attachment is to be dated from the time of its actual service. And when questions arise as to the title of the property claimed through an attachment, and the judgment and execution following it, the rights so acquired look back for their inception, not to the judgment, but to the attachment. (Drake on Attach. §§ 221, 2.4, 239, and notes.)

When judgment is rendered and execution levied, it relates back, for many purposes, to the time of the attachment, and especially so far as to defeat any *mesne* conveyances or incumbrances. (*Monroe* v. *Luke,* 19 Pick. 39; *Bagley* v. *Ward,* 37 Cal. 121; *Sharp* v. *Baird,* 43 Id. 577; *Lick* v. *Ray,* Id. 83; *Walker* v. *Young,* No. 5220, July term, 1877; Code Civ. Proc. §§ 1262, 1265.)

It was evidently the intention of the Legislature that, until

the statute in this regard is complied with, a party is not entitled to the benefits of the homestead law, and his failure to file such declaration would subject his property to forced sale in satisfaction of any lien acquired before the filing of the declaration of homestead.

The injunction should be dissolved, because granted witnout requiring the necessary undertaking. (Code Civ. Proc. § 529.)

*S. F. Lieb*, for Respondent.

The Constitution (art. 11, § 15) provides that the Legislature shall exempt from forced sale the homestead. It does not expressly provide when the debtor shall claim the benefit of this beneficent provision, but it would seem from the reading of the clause that he should be entitled to claim such protection at any time before *sale*. The Code provides that he may make such claim at any time before judgment. (Code Civ. Proc. §§ 1240–1.) The Constitution would seem not only to justify, but to require the Legislature to go further, and allow the debtor to make such claim at any time before sale. Such was the rule before the year 1860, and such is yet the rule as to personal property.

By the COURT:

This is an appeal from an order restraining the defendants, Harris (who is the Sheriff of Santa Clara County) and Reed, (who is a judgment creditor of the plaintiff) from making sale of certain real estate situate in said County of Santa Clara, the property of the plaintiff, upon an execution in the hands of the said Sheriff. The restraining order was made upon hearing of an order previously made against the defendants, to show cause why they should not be restrained from making the sale of the premises upon the execution.

It appeared, at the hearing of the order to show cause, that a writ of attachment issued by the District Court of Santa Clara County, at the suit of the defendant Reed, was duly levied upon the premises in October, 1878; that on the 4th day of November following, the attached premises became the homestead of the plaintiff, by means of a declaration of homestead on that

day duly recorded by him; that some twenty-one days thereafter—to wit, on the 25th day of November—a judgment was duly rendered and recorded by said District Court in the said action of Reed against McCracken, the plaintiff here.

1st. The principal question presented is, as to whether a judgment obtained after a declaration of homestead can be enforced against the homestead, when there had been an attachment levied upon the premises before the filing of the declaration of homestead; the judgment not appearing to have been founded upon a debt secured by a mortgage, or mechanic's, laborer's, or vendor's lien? We are of opinion that it cannot.

The Civil Code, §§ 1240 and 1241, distinctly provides that (except in cases of mechanics', laborers', or vendors' liens, or mortgages duly made) a homestead cannot be subjected to a forced sale upon a judgment, unless the judgment imparting a lien on the premises was obtained *before the homestead declaration was filed.* The plaintiff was therefore entitled to an order restraining the threatened execution sale.

2nd. But the restraining order was made without requiring the plaintiff to file the usual undertaking. This was error. The statute (Code Civ. Proc. § 529) provides that the Court, (except where the people are party plaintiff) on granting an injunction, shall require a written undertaking on the part of the plaintiff to the effect that he will pay the party enjoined such damages as he may sustain by reason of the injunction, and this provision is applicable, whether the restraining order be made upon an *ex parte* application, or upon an order to show cause previously made.

For this error the order must be reversed, and the cause remanded, with leave to the plaintiff to renew the application.

So ordered. Remittitur forthwith.