[No. 8,520.—In Bank.]
Sept. 28, 1882.

W. H. BROWN ET AL. *v.* GEORGE MOORE, JUDGE OF THE SUPERIOR COURT OF AMADOR COUNTY.

CONTEMPT—JURISDICTION—GARNISHMENT.—In an action in the Superior Court against B., the plaintiffs here, who held certain property of B., as constables under executions issued out of a Justice's Court against him, were garnisheed and were ordered by the Court to sell the property and pay the proceeds into Court; and, upon their refusal to do so, were attached for contempt.

*Held :* Even if it be admitted that §§ 717 and 720, C. C. P., have any application to an officer holding property of a judgment debtor by virtue of legal process issued against him, neither of them confers on the Court the power to order such property sold, nor to direct that the proceeds of it be paid to the Clerk of the Court.

ID.—ID.—No one can be punished for contempt for disobedience of a void order.

APPLICATION for writ of Prohibition.

*Eagan Philips & Armstrong* and *Severance, Travers & Hornblower*, for Plaintiffs.

*Chas. R. Gray & S. Solon Hall*, for Respondent.

Ross, J.:

Application for a writ prohibiting the respondent from proceeding further in the matter of certain contempt proceedings against the petitioners.

From the verified petition it appears that during the month of April, 1882, sundry suits at law were commenced by divers persons against one Bartlett in the Justices' Courts of Amador county to recover certain moneys alleged to be due from Bartlett to the respective plaintiffs in those suits. Judgment passed for the plaintiffs therein, on which executions were issued and placed in the hands of the petitioners in the present proceeding, who are constables in and for the respective townships of Amador county, in which are established the Justices' Courts that rendered the judgments. The executions thus issued and delivered to the petitioners were by them, as such constables, levied on certain personal property of Bartlett. On the twenty-second of May, 1882, a judgment was entered in the Superior Court of Amador county against Bartlett and and in favor of one Post for a money demand; and on this judgment execution was issued on the same day and delivered to the Sheriff of Amador county. The Sheriff, on the twenty-fourth of May following, levied his writ by delivering to each of the constables (petitioners here) a copy of the same, together with a notice that all the property of the defendant (Bartlett) in their possession and under their control was attached in pursuance of such execution, and demanded of them the possession of the property. The constables refused to deliver the property to the Sheriff, and the next day the latter returned his writ to the Superior Court, stating in his return, substantially, the facts as above given. On the twenty-seventh of May, on an affidavit made on behalf of Post, setting forth that the judgments rendered by the Justices' Courts were void, the Judge of the Superior Court made an order

directing the constables to appear before him on the twenty-ninth of the same month, and show cause why they should not surrender the property to the Sheriff.

On the day named they appeared and filed their several affidavits, declaring that they were not debtors of Bartlett, nor had they any property of his other than that levied on and held by them under and by virtue of the executions first above mentioned. Thereupon the Judge refused to direct the constables to deliver the property to the Sheriff, but on the same day entered an order in the following words: "It is ordered, adjudged and decreed that plaintiff herein (Post) is authorized to institute an action against each of said persons, to wit: C. L. French, Constable, H. B. Templeton, Constable, W. H. Brown, Constable, and W. Payton, his Deputy Constable, to determine whether or not the said persons hold and retain said property adversely to the defendant—said suits to be commenced within thirty days from the date of this order. And it is further ordered that each of said constables is given leave to sell the said property in their possession belonging to said defendant under the alleged executions in their hands, and they, and each of said constables is ordered to pay all the proceeds of said sales of said property to the Clerk of this Court within ten days after the sale thereof."

A motion was subsequently made on behalf of the constables that that portion of the order of May 29th purporting to authorize them to sell the property in their possession under the writs of execution in their hands, and requiring them to pay the proceeds of such sales to the Clerk of the Superior Court, be set aside on the ground that the Court had exceeded its jurisdiction in so ordering. This motion was denied.

The constables sold the property under and by virtue of the executions held by them, and applied the proceeds to their satisfaction, instead of paying them to the Clerk of the Superior Court, as directed by the order of May 29th; and upon these facts being brought to the notice of the Superior Court, that Court made an order to the effect that the constables be brought before the Court at a time stated, and show cause why they should not be adjudged guilty of contempt of Court in failing and refusing to pay the proceeds of the sales of the property to the Clerk, and further directing a warrant

of attachment to be issued and delivered to the Sheriff, commanding him to forthwith arrest the constables and hold them in his custody, unless they should execute an undertaking in the sum of one hundred dollars each for their appearance on the day named.

The Superior Court, in making the orders complained of by the petitioners, was proceeding under the supposed authority of Sections 717 and 720 of the Code of Civil Procedure. Even if it be admitted that those sections have any application to an officer holding property of a judgment debtor by virtue of legal process issued against him, neither of them confers on the Court the power to order such property sold, nor to direct that the proceeds of it be paid to the Clerk of the Court. (*Hartman* v. *Olvera*, 51 Cal. 501.) The Superior Court, therefore, exceeded its power in making the order requiring the petitioners to pay to the Clerk of the Superior Court the proceeds of the property sold under the executions held by them against Bartlett. For the disobedience of that void order, the petitioners could not be lawfully punished for contempt. The proceedings looking to that end should, therefore, be arrested. (*Williams* v. *Dwinelle,* 51 Cal. 442; *Quimbo Appo* v. *The People,* 20 N. Y. 531.)

Demurrer overruled.

MORRISON, C. J., and McKINSTRY, SHARPSTEIN, MYRICK, McKEE, and THORNTON, JJ., concurred.