[No. 6664.   Department Two. — June 29, 1886.]

ALFRED A. COHEN, Respondent, v. JAMES M. GRAY et al., Appellants.

PRELIMINARY INJUNCTION — CESSATION OF RESTRAINING ORDER. — In an action for an injunction, the force of a restraining order previously issued ceases upon the granting of an injunction *pendente lite*.

ID. — OPENING PUBLIC STREET — REPEAL OF ACT AUTHORIZING. — An injunction to restrain the board of trustees of the town of Alameda from proceeding with the opening of a public street under the act of March 23, 1876, granted after the repeal of the act, is unnecessary, irregular, and erroneous.

APPEAL from an order of the late District Court of the Fifteenth Judicial District of the city and county of San Francisco granting a preliminary injunction.

The facts are stated in the opinion of the court.

*Rhodes & Barstow*, and *John Ellsworth*, for Appellants.

*J. P. Hoge*, and *Lake & McKoon*, for Respondent.

McKEE, J. — This is an appeal from an order granting a preliminary injunction in an action brought to obtain a decree to perpetually enjoin the defendants, who were members of the board of trustees of the town of Alameda, from passing or voting upon any proceedings pending before the board for the opening of a public street through a tract of land belonging to the plaintiff. The action was brought upon the ground that the proceedings were taken, and would be continued, for the pecuniary aggrandizement of one of the trustees, with whom, as alleged, the other trustees had conspired to carry out his purposes, regardless of the rights of the plaintiff, and that the proceedings already taken, and as contemplated by them for that purpose, were and would be fraudulent and corrupt.

The complaint in the action was filed on the 30th of July, 1877, and on that day the judge of the court made an *ex parte* order on the defendants to show cause, on the

10th of August, 1877, why an injunction should not be issued; and in the mean time restrained the defendants from further acting upon the proceedings pending before the board of trustees. The restraining order was granted without any undertaking. But on the 17th of August, 1877, on motion of defendants, the plaintiff was ordered to file an injunction bond, which he did on the same day; thereupon defendants filed their respective answers to the complaint, in which they specifically denied its allegations of fraud, conspiracy, and corruption; but the restraining order was continued until the 2d of August, 1878, when the judge of the court, having heard and considered the order to show cause, upon the pleadings and affidavits filed, granted and allowed an injunction *pendente lite*.

Upon the entry of that order, the restraining order spent its force. (Code Civ. Proc., sec. 530; *Hicks* v. *Michael*, 15 Cal. 107.)

But the order of the 2d of August for a preliminary injunction was erroneous, because the condemnatory proceedings sought to be enjoined were commenced under a statute entitled "An act to provide for opening streets in the town of Alameda," approved March 23, 1876, which was repealed on the 1st of April, 1878 (Stats. 1877–78, p. 964), four months before the date of the order. The threatened wrong against the plaintiff was therefore averted by the intervention of the legislature, and the proceedings before the board fell of their own weight. So that on the 2d of August, 1878, there were no proceedings to enjoin. An injunction was therefore useless and unnecessary, and the order for an injunction was irregular and erroneous. (*Linden* v. *Case*, 46 Cal. 171; *Bucknall* v. *Story*, 36 Cal. 70; *Houghton* v. *Austin*, 47 Cal. 647; *N. P. R. R. Co.* v. *Carland*, 5 Mont. 146; *Gates* v. *Lane*, 49 Cal. 266.)

Order reversed and cause remanded.

THORNTON, J., and SHARPSTEIN, J., concurred.