## SCHMIDT v. BITZER et al.

### S. F. No. 3160; February 11, 1903.

71 Pac. 563.

**Injunction — Refusal to Dissolve.**—Where an Injunction is granted on a verified complaint, the court, in its discretion, may refuse a dissolution, provided the complaint states facts sufficient to authorize the granting of the injunction in the first instance.

**Injunction—Breach of Trade Agreement.**—A Complaint Alleged that plaintiffs and defendants were each engaged in the butcher business, and had agreed not to handle trading stamps, vegetables, or to give premiums as "inducements tending to draw trade" from one to the other, but that, to the irreparable injury of plaintiffs," defendants did handle and give trading stamps, vegetables, etc., and an injunction was prayed. Held, that in the absence of averments that defendants were giving the stamps to draw trade, or giving them to persons trading with the parties, or that defendants were insolvent, or the damages not ascertainable, the complaint was insufficient.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Suit by H. F. H. Schmidt against Albert Bitzer and another. From an order refusing to dissolve an injunction, defendant Bitzer appeals. Reversed.

A. S. Newburg (H. G. W. Dinkelspiel of counsel) for appellant; Salomon, McClellan & McClellan for respondent.

COOPER, C.—This appeal is from an order refusing to dissolve an injunction. As the injunction was granted upon a verified complaint, it may be conceded that the court, in its discretion, could have refused to dissolve the injunction, provided the complaint states facts sufficient to show that the restraining order should have been granted in the first instance. The complaint sets forth a written contract, by the terms of which the plaintiff and defendants, after reciting that they were engaged in the butcher's business in the city of San Francisco, mutually agreed "not to handle trading stamps, vegetables, or to give premiums as inducements tending to draw trade from one of us to the other, with the exception of calendars or New Year's cards, which may be distributed by either." The complaint then alleges that about the sixteenth day of January, 1902, the defendants, in violation of said agreement, "did handle and give trading stamps, vegetables and other premiums," and that they are continuing and will continue to do so, to the great detriment and irreparable injury of plaintiff's business; that pecuniary compensation will not afford adequate relief, that a restraining order is necessary to prevent a multiplicity of judicial proceedings, and that plaintiff has not a sufficient or adequate remedy at law.

The complaint does not state facts sufficient to justify the order granting the injunction. If it be conceded, for the purposes of this case, that the contract is valid, it is not alleged that the trading stamps, vegetables or other premiums were given by defendants as an inducement to draw trade from plaintiff. The agreement was not that defendants would not handle trading stamps, vegetables or premiums, but that they would not do so "as inducements to draw trade" from plaintiff. The complaint must be most strongly construed against plaintiff, and it is necessary that it should clearly and unequivocally show that defendants are violating the agreement. It not only does not appear that defendants handled or gave trading stamps, vegetables and other premiums for the purpose of drawing trade from plaintiff, but it does not appear that such trading stamps, vegetables or premiums were given to any person trading with, or intending

to trade with, either plaintiff or defendants. The trading stamps, vegetables and premiums might have been given to the inhabitants of the Russian empire or of Greenland, and yet the complaint be true. The complaint is also destitute of any allegation showing that the plaintiff will suffer irreparable damage by reason of the alleged acts. No statement is made that defendants are insolvent or in any way unable to respond in damages, nor that the amount of damages cannot be readily ascertained. The words ''in violation of the said agreement,'' and ''to the irreparable injury of plaintiff,'' may be regarded as mere phrases, in the absence of facts. They probably made the complaint sound more emphatic to the pleader, but the facts must be stated so as to show that the damages will be irreparable.

It follows that the order must be reversed as to appellant.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is reversed as to appellant.