[S. F. No. 3763.  Department Two.—January 20, 1905.]

## PAUL NEUMANN, and FRED NEUMANN, Respondents, v. LOUIS MORETTI, Appellant.

INJUNCTION—RESTRAINING ORDER—PRELIMINARY INJUNCTION—UNDERTAKING REQUIRED.—The issuance of a restraining order under sections 529 and 530 of the Code of Civil Procedure, without an undertaking, refers only to the time intervening between an application for an injunction and the day fixed in the order to show cause. An *ex parte* restraining order granted to plaintiff before the defendant's appearance, until the further order of the court, is a preliminary injunction, upon which an undertaking must be required.

ID.—REFUSAL TO DISSOLVE INJUNCTION—APPEALABLE ORDER.—An order refusing to dissolve an injunction is an appealable order, and where no bond was given thereupon the order must be reversed, whether the injunction was served upon the defendant or not.

APPEAL from an order of the Superior Court of Santa Cruz County refusing to dissolve an injunction.  Lucas F. Smith, Judge.

The facts are stated in the opinion in the present case, and in the case between the same parties, *ante,* p. 25.

Charles B. Younger, Jr., for Appellant.

Hugh R. Osborn, and Benjamin K. Knight, for Respondents.

COOPER, C.—This action was brought to secure the cancellation of a certain note and mortgage executed by plaintiff Paul Neumann to defendant. The facts are fully stated in the appeal from an order denying a new trial this day decided (S. F. No. 3960, *ante.* p. 25.)

After the complaint was filed and summons issued, before answer or appearance by defendant, the court, on the *ex parte* application of plaintiff, granted a restraining order, commanding the defendant, his agents and servants, until further order of the court, to absolutely refrain from assigning or transferring or disposing of the promissory note and mortgage. The defendant afterward made a motion to dissolve and set aside the said order upon the ground among others, that the court did not require a written undertaking on the part of plaintiffs as required by the statute, and that no undertaking was given or required at the time of making said order or at any other time. On the eighth day of August, 1903, the court made an order refusing to dissolve the restraining order. This appeal is from the said last-named order.

The restraining order was an injunction. It required the defendant to refrain from a particular act. (Code Civ. Proc., sec. 525.)

An appeal lies from an order refusing to dissolve an injunction. (Code Civ. Proc., sec. 963, subd. 2; *Schmidt* v. *Bitzer,* (Cal.) 71 Pac. 563.)

It was admitted that no undertaking was given or required by the judge. It was the duty of the court or judge to require a written undertaking to the effect that plaintiff would pay to the party enjoined such damages as such party might sustain by reason of the injunction (Code Civ. Proc., sec. 529) ; and the injunction will be dissolved in case of such failure to give the undertaking. (*McCracken* v. *Harris,* 54 Cal. 81; *Alaska Improvement Co.* v. *Hirsch,* 119 Cal. 250.) It is claimed by respondent that the restraining order was not in fact an injunction, but a temporary restraining order, in which no undertaking is required. In the case of *San Diego Water Co.* v. *Pacific Coast S. S. Co.,* 101 Cal. 218, this court draws a

distinction between a temporary restraining order and an injunction. If it be conceded that there is such distinction as to requiring a bond, we are clearly of the opinion that in this case the order was not a temporary order within the meaning of the statute. The statute provides: "An injunction cannot be allowed after the defendant has answered, unless upon notice, or upon an order to show cause; but in such case the defendant may be restrained until the decision of the court or judge granting or refusing the injunction." (Code Civ. Proc., sec. 528.) And again: "If the court or judge deem it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may, in the mean time, be restrained." (Code Civ. Proc., sec. 530.)

It is therefore plain that the temporary restraining order referred to in the statute is an order which applies to the time intervening between an application for an injunction and the day fixed in the order to show cause. Under section 528, after the defendant has answered, an injunction cannot be allowed except upon an order to show cause. Under section 530, if the court or judge deems it proper that the defendant should be heard, an order may be made requiring cause to be shown at a specified time and place.

Under either section, pending the application and before hearing the parties on the order to show cause, the defendant may be restrained. It would be the better practice, and certainly is the general practice, to require an undertaking during such temporary restraining order. But in all cases where a preliminary injunction is granted in the first instance, or after an order to show cause, the undertaking must be required and given. As said in *Lambert* v. *Haskell,* 80 Cal. 620, "It seems plain that the undertaking provided for by the Code of Civil Procedure is upon the preliminary injunction. No other injunction is provided for therein. And ordinarily no undertaking could be required on the final decree."

We do not think it any answer that the injunction would be inefficient unless an undertaking was given or that it does not appear to have been served upon defendant. These reasons might be urged by defendant in case of contempt pro-

CXLVI. Cal.—3

ceedings for violating the injunction, but if the injunction was improperly issued without complying with the statute the defendant has the right to have it dissolved. If it is ineffectual, and plaintiff does not intend to serve it upon defendant, it can do him no harm to dissolve it.

The order should be reversed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.        McFarland, J., Lorigan, J., Henshaw, J.