LEÓN ET AL., PLAINTIFFS AND RESPONDENTS, *v.* COLÓN ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action for
an Injunction.

No. 1153.—Decided July 30, 1914.

INJUNCTION—DISCRETION OF COURT.—The ratification or dissolution of a prelimi-
nary injunction rests in the sound discretion of the court, governed by wise
and just rules, and unless it is shown that the trial judge abused his dis-
cretional power, his discretion should not be controlled by the appellate court.

ID.—STAY OF EXECUTION.—An injunction may stay temporarily the execution of
a judgment in order to prevent waste and litigation.

ID.—AFFIDAVIT TO PETITION—PERJURY.—Although the affidavit to the petition in
this case, to the effect that the facts alleged therein are known to the affiant
of his own knowledge, is not in strict accord with section 118 of the Code of
Civil Procedure, nevertheless it cannot be concluded that it is void inasmuch
as it may be considered sufficient to make the affiant liable for perjury if
it is proved that the allegations are not true.

SURETY BOND.—Surety bonds must be drawn up as plainly as possible so that
they may be enforced without difficulty in a proper case.

ID.—OATH OF SURETIES.—The bond for an injunction in this case is defective
because of its ambiguity, and the affidavit of the two sureties is likewise
defective because it does not state plainly that each of them is the owner
of unencumbered property to the value of more than $1,000, which was the
amount fixed by the court.

ID.—NOTARY PUBLIC—ILLITERATE SURETY.—When the surety bond exceeds $2,000
and is executed by more than two sureties, the provisions of section 365 of
the Code of Civil Procedure, as amended in 1905, must be complied with;
if the notary does not know the sureties personally, the provisions of sec-
tion 3 of the Act of 1908, relating to affidavits, must be followed, and in
case a surety should not know how to sign, the rule laid down in the case of
*Vendrell* v. *Pellot*, decided July 11, 1914, must be followed.

ID.—SUFFICIENCY OF SURETIES.—In accordance with section 7 of the Act to Define
Injunctions of 1906, when the sufficiency of the sureties is objected to within
five days after the service of the injunction, such sureties are required to
justify, but if the said objection is made subsequently, then the objecting
party must allege and prove the insufficiency of the sureties to the satisfac-
tion of the court.

ID.—DEFECTIVE BOND.—Even when the injunction has been granted properly, if
the bond required as a *sine qua non* for its issuance does not contain the
requirements prescribed by law, the court should dissolve the writ.

The facts are stated in the opinion.
*Mr. Ricardo Agrait* for Eulogia Colón Alvarez.

*Mr. Rafael López Landrón* for the respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order of the District Court of Arecibo refusing to vacate a certain writ of injunction which it had issued on March 31, 1914.

Jesús de León and his lawful wife brought an action in the said court against Eulogia Colón, the Succession of Tomás Boneta and the Plazuela Sugar Co. for the annulment of deeds and for other purposes. It is alleged in the complaint, in synopsis, that the plaintiffs were and are the owners of a certain property valued at $10,000, of which they are at present in actual and material possession; that they mortgaged the said property to Tomás Boneta for $2,000; that they did not pay the debt, but arranged with the creditor for a renewal of the loan; that the creditor agreed, but, taking advantage of the ignorance of the plaintiffs, who are country people and illiterate, he fraudulently combined with his concubine, defendant Eulogia Colón, and instead of executing a mortgage, as they made the plaintiffs believe, they drew up a deed of sale with a covenant for redemption with the intention of unlawfully depriving the plaintiffs of their property; that the plaintiffs owed a certain sum of money to the Plazuela Sugar Co. and upon the demand of the said company, notwithstanding their warning that the transfer would be null and illegal, they assigned to the said corporation the right of redemption of the plaintiffs acknowledged in the said fraudulent deed, to secure the payment of the said debt, and that, making illegal and fraudulent use of the said deed, defendant Eulogia Colón Alvarez brought an action of unlawful detainer against the plaintiffs. The complaint concludes with the prayer that defendant Eulogia Colón be adjudged to make restitution to the plaintiffs of their title of ownership to the property; that the deeds that appear as having been executed by the plaintiffs in favor of Eulogia Colón and the Plazuela Sugar Co. be decreed to be null and void; that Eulogia Colón be enjoined from committing any act contrary

to the possession of the plaintiffs and that the defendants who have contested this action be ordered to pay the costs, disbursements, and an attorney's fee. The complaint, with its accompanying documents, takes up 22 pages of the transcript of the record. What we reproduce is a very short extract which we have deemed useful for a clearer understanding of the nature of the questions involved in this case.

The complaint was filed on March 11, 1914, and on the 31st of the same month a verified petition was filed praying that a writ of injunction issue enjoining the marshal of the Municipal Court of Arecibo and defendant Eulogia Colón from committing any act whatsoever tending to deprive the plaintiffs of the possession of the property in litigation pending the trial and decision of the action for annulment. The same facts alleged in the complaint serve as grounds for the petition for an injunction, and the petition further states that the Municipal Court of Arecibo rendered judgment in the action of unlawful detainer prosecuted by defendant Eulogia Colón against the plaintiffs ordering them to give immediate possession of the property in controversy to Eulogia Colón and that the marshal of the said municipal court was on the point of ejecting the plaintiffs from the property, which would cause them grave and irreparable injuries and result in a multiplicity of judicial proceedings.

The writ of injunction prayed for was granted on the said 31st day of March, 1914, to be executed upon the filing of a bond for $1,000. The bond was filed and approved on April 1, 1914, and Eulogia Colón Alvarez, filed a motion on April 7, 1914, for the setting aside of the writ of injunction on the following grounds: (1) That the effect of the writ of injunction was to suspend a judgment rendered in the action of unlawful detainer on March 5, 1914, which is contrary to the jurisprudence of the Supreme Court of Porto Rico; (2) that any losses sustained by the plaintiffs by reason of the execution of the said judgment may be fully recovered in an action for damages; (3) that the petition is not prop-

erly verified by the petitioner; (4) that the bond did not conform to the order of the court and the oath thereto was defective, and (5) that the defendant objects to the sufficiency of the sureties.

The District Court of Arecibo overruled the motion, and, as we have stated, defendant Eulogia Colón Alvarez took the present appeal from the ruling of the court.

The continuing or dissolving of a preliminary injunction, says Cyc. in summarizing the jurisprudence on the subject, lies within the sound discretion of the court. However, this discretion is to be regulated by sound and just rules. But in the absence of any showing of abuse, the discretion of the chancellor will not be controlled by an appellate court. See 22 Cyc., 982, and authorities cited.

In the light of the foregoing doctrine, we will proceed to the consideration and decision of the questions in the order in which they were raised.

1. As we have seen, the facts alleged in the complaint and in the petition for injunction are not denied in the motion to dissolve the injunction. This being so, we must accept said facts as true for the purpose of deciding whether the trial court should have set aside its order of March 31, 1914.

The injunction granted in this case has no other effect than to maintain the *status quo* of the plaintiffs in relation to the property in controversy before the proceedings began. And as this would undoubtedly prevent actions of ejectment and for damages and as the defendants, should they suffer injury thereby, are secured compensation by the bond filed by the plaintiffs, we are of the opinion that the trial court applied the law and exercised its discretion properly.

The opinion of this court in the case of *Martínez v. Moreno*, 10 P. R. R., 82, which is cited by the appellants, was delivered in a case not entirely similar to the one now before us, for in that case not only had a judgment been rendered in an action of unlawful detainer, but said judgment had been

affirmed by this court. Besides, a writ of injunction had already issued against the petitioner in the same action in which he sought to stay the execution of the judgment, which writ was in force and would have been in open conflict with the writ asked for if it had been granted.

On the other hand, the decision of this court in the case of *Garcia* v. *Torres et al.;* 20 P. R. R., 157, which is cited by the trial court, sustains the decision appealed from, for the doctrine is there laid down that the execution of a judgment may be stayed temporarily by means of an injunction in order to avoid waste and litigation. See also the case of *Rio* v. *Vázquez,* 17 P. R. R., 158, in which the following doctrine was laid down:

"Although great care ought to be exercised in the issuance of writs of injunction to stop the execution of a judgment on application by the owner of the property to be sold, this does not mean that they should not be issued when justice and equity so require."

2. As to the second ground of the motion, we will say only that in addition to the fact that circumstances might arise which would render a claim for damages illusory, we think it improbable that a pecuniary compensation would afford an adequate remedy in this case if the facts alleged by the petitioners are true.

3. The verification of the petition for the injunction states "that the facts stated in the petition" are known to the affiant, plaintiff Jesús de León, "of his own knowledge." The motion states only a conclusión, namely, "that the petition is not properly verified," without pointing out in what respect. In the brief submitted to this court it is stated that the party fails to aver in the verification that all the facts alleged are true.

There is no doubt that it would have been more correct to use in the verification the exact words of section 118 of the Code of Civil Procedure, namely:

"In all cases of a verification of a pleading, the affidavit of the party must state *that the same is true of his own knowledge,* except

as to the matters which are therein stated to be on his information or belief, and as to those matters, that he believes it to be true." (Italics ours.)

But it is also undoubtedly true that the form used, although faulty, is sufficient to warrant the conclusion that the affiant rendered himself liable for perjury, should the allegations be proved untrue, and that, therefore, the verification cannot be considered as null and void.

4. After stating in the surety bond that Jesús de León and his wife, as principals, and Víctor Román and Baldomero de León, as sureties, are jointly and severally bound to the defendant, Eulogia Colón Alvarez, for the payment of the sum of $1,000, it goes on to say:

"The said property will respond for and by it we bind ourselves to pay to the defendant, Eulogia Colón Alvarez, such damage as may be caused the said defendant by reason of the dissolution of a restraining order made by the court if it should be decided definitely by the court that the petitioners were not entitled to apply for the said dissolution."

The wording of this essential paragraph of the bond is so obscure that we presume some words have been omitted and that, for instance, by a clerical error, the word "property" (*finca*) has been substituted for the word "bond" (*fianza*).

Surety bonds should be worded in the clearest possible manner so that there may be no difficulty in enforcing them in a proper case. And not only do we find the paragraph transcribed to be meaningless, since we fail to see that any damages can be caused defendant Colón Alvarez "by reason of the dissolution of a restraining order," but only in any event by reason of the writ of injunction ordering a stay of execution of the judgment rendered in the unlawful detainer proceedings in favor of the said defendant by the Municipal Court of Arecibo, and we are of the opinion also that the oath of the sureties is defective, for it does not state clearly

that each of them is the owner of unencumbered property of the value of more than $1,000.

For preparing a good surety bond we recommend reference to section 7 of the Injunction Act of 1906; the Affidavits Act of 1908; section 355 of the Code of Civil Procedure as amended in 1908, and the forms of Jury, Jones & Binmore, and McCall; Acts of 1906, p. 86; Acts of 1908, pp. 39, 86; 2 Jury on Adjudicated Forms of Pleading and Practice, 1866 and 1893; General Legal Forms by James Jones and Henry Binmore, p. 505, and McCall's Clerk's Assistant, p. 541. Should the bond exceed $2,000 and there be more than two sureties, the provisions of section 3 of the said Affidavits Act of 1908 should be followed. In cases where a surety does not know how to sign his name, see our decision of July 11, 1914, *Vendrell* v. *Pellot.*

5. Although the question of the objection to the sufficiency of the sureties is of no importance in the decision of this case in view of the conclusions we have reached after considering and deciding the fourth ground of the motion, we will state that section 7 of the Injunction Act of 1906, p. 86, seems to us to be plain. Within the five days following the service of the injunction the person enjoined may object to the sufficiency of the sureties. The exercise of that right within the time prescribed by law is sufficient to compel the sureties to justify. But if the person enjoined allows the said period of time to pass without exercising his right, then the situation is reversed, and although he may appear before the court at any time and plead that the sureties do not possess sufficient property to comply with their bond, either because they have become insolvent or because they have suffered great losses, or for any other pertinent reason, he must not only allege but prove the same to the satisfaction of the court. According to the transcript of the record, the bond in this particular case was executed on April 1, 1914, and the motion for the dissolution of the injunction was filed on the seventh day of the same month and year. The date on which the

writ was served is not stated, and if the defendant wished to take advantage of the right granted by section 7 of the said Injunction Act, she should have alleged clearly the said date in her motion.

6. Referring now to the case as a whole, we will say that in view of all the foregoing there is no question that although the writ of injunction was properly granted, the bond required as a condition *sine qua non* before the order of the court could go into effect, does not contain the requisites required by law. Therefore, the District Court should have set aside the writ. *McCracker* v. *Harris,* 54 Cal., 81; *Ricker, Lee & Co.* v. *Douglas Bros.,* 75 Tex., 180.

The order appealed from should be reversed and another entered dissolving the injunction granted, with leave to the petitioners to file a new application.

> *Judgment reversed with permission to petitioners to file a new application.*

Chief Justice Hernández and Justices Wolf, Aldrey, and Hutchison concurred.