# CHARLESTON.

## J. C. CONLEY v. WILLIAM BREWER *et al.*

### Submitted March 2, 1920.   Decided March 9, 1920.

1. EASEMENTS—*Description of Way in Bill to Enjoin Obstruction Sufficient.*

   In a suit to enjoin obstruction of a road or way acquired over another's land the bill is sufficient if it describes such road or way in such terms as will enable one going upon the land to find and identify the same by reference to such description.   (p. 727).

2. INJUNCTION—*Decree Making Temporary Injunction Effective Without Requiring Bond of Plaintiff, Error.*

   It is error on decreeing a temporary injunction to make the same effective without requiring of the plaintiff a bond in such penalty as the court may prescribe, conditioned according to law.   (p. 729).

3. SAME—*Perpetuating Temporary Injunction before Cause is Matured and Final Hearing on Proof of Material Facts Alleged Will be Reversed.*

   And a decree perpetuating such an injunction before the cause has been regularly matured for final hearing upon

proper proof of the material facts alleged as a basis for such final relief, will be reversed on appeal. (p. 729).

Appeal from Circuit Court, Mingo County.

Bill for injunction by J. C. Conley against William Brewer and others. Temporary injunction granted, motion to dissolve overruled, and injunction made perpetual, and defendant William Brewer appeals.

*Reversed and cause remanded.*

*S. D. Stokes,* for appellant.
*R. Dennis Steed,* for appellee.

Miller, Judge:

The decree below, on the bill, answer and ex parte affidavits filed by both parties, and submitted upon plaintiff's motion for a temporary injunction, not only adjudged plaintiff entitled to the relief prayed for, but adjudged that he be and he was thereby awarded an injunction against defendant from obstructing or interfering with him in "the right and privilege of free ingress, egress and regress from the public road leading up the left fork of Marrowbone Creek and across to the public road leading up the right hand fork of Marrowbone Creek as described in the bill of complaint filed herein to and from the plaintiff's property therein described to the said public roads for all farming purposes of every kind and for all purposes attending the use and occupation of said property, for the purpose of conveying to and from said property all that would be necessary to be moved upon the road aforesaid pertaining to the property aforesaid, and that the gates erected across the road as described in the bill of complaint in this cause be removed or placed in such a condition that they can be easily and readily opened by the parties desiring to travel said road over which they have been placed and to give the plaintiff every right in traveling over said road that would be necessary for him to have for the purposes of successfully farming and operating his said farms and it is further ordered that the said defendant shall not in anywise obstruct the free passage of the said plaintiff over said road, until the further order of this court."

Upon the award of the temporary injunction, which was done

without requiring of the plaintiff any bond, and by the same decree, the defendant interposed a motion to dissolve said injunction, which motion being resisted by plaintiff, was thereby also overruled, and without further motion of plaintiff the court proceeded by the same decree to perpetually enjoin defendant in accordance with the terms of the temporary injunction, and to adjudge costs to plaintiff, and specifically decreed that as the purpose of the suit had been accomplished, the same should be omitted from the docket.

The point first urged by appellant for reversal is that his demurrer to the bill, overruled by the court below, should have prevailed. This point is predicated on the theory that the alleged right of way or easement upon defendant's land sought to be protected by the injunction prayed for, was not sufficiently and definitely located upon the ground; that the bill was too uncertain in its description of the road or way claimed. The allegations and theory of the bill are that such way or road existed as one of necessity as well as by prescriptive right acquired by long and continued use, so as to have ripened into one of absolute right. Plaintiff alleges that he is owner of two tracts or the surface thereof; one containing 63.58 acres, and the other 80 acres, both a part of a tract of about 600 acres located on said Marrowbone Creek, once owned by Ellen Floyd and of which she had died seized twenty years or more before the suit, and which after her death had been divided and partitioned among her heirs by a decree of partition which provided for said road or right of way, and that the 5.6 acres owned by defendant, as well as the lands owned by plaintiff, were acquired by them respectively from one or more of the heirs of said Ellen Floyd, giving them a common grantor; and the bill alleges, not only right by such alleged partition decree, but that for many years before and since the death of the said Ellen Floyd, said road or way had been used by the owners and tenants of said larger tract continuously without obstruction for twenty to forty years, and by the public in general. The road as described in the bill is one "connected with and intersecting the public road leading up the left fork of Marrowbone Creek with the public road leading up the right hand fork of Marrowbone Creek, and which had been used and traveled and recognized as a passway upon the

location above referred to and through said property for more than forty years, and which passes through the property of said William Brewer." And the bill specifically alleges that there is no way by which plaintiff can reach the public road or his home except over the road so alleged to have been established.

The point of uncertainty of description, we think, is not well founded in fact. While the bill is most inartistically formulated and the description of the road is not as clear as it might have been, we think the description is sufficient to satisfy the requirements of our decisions. All that is required in such cases is that the terms of description should be sufficient to enable one going upon the land to find and identify the road by reference thereto. *Roberts* v. *Ward,* 85 W. Va. 474, 102 S. E. 96, and cases cited. Certainly a road so long in use, extending from one fork of Marrowbone Creek to another as described, and passing through the land of defendant and others, especially if existing on the ground, could easily be located from the description in the bill and decree.

On the other theory of the defendant's demurrer, that the bill does not make out a case calling for a way of necessity, for want of a common grantor, at least as to the 80 acre tract the rights of the plaintiff do not depend on establishing a way of necessity but on a way already established and used for so long a period as to have ripened into a way by prescription. Such a road may have originated in a way of necessity, but having been long established and used it may now exist by prescription. Assuming the allegations of the bill to be true, we think it good on demurrer, and the demurrer was properly overruled. *Walton* v. *Knight,* 62 W. Va. 223.

On the merits of the case, presented by the bill and answer, the ex parte affidavits, and the motion of the plaintiff for a temporary injunction, we are of opinion that as the record stood at the date of the decree, the court was warranted in awarding the temporary injunction. Plaintiff, it is true, had had time enough after the filing of his bill and the filing of the answer of defendant to have matured his case for final hearing, by proof regularly taken, but seems not to have done so. The temporary injunction was awarded without bond. This action of the court, as

well as its pronouncement of the final decree before maturity of the cause therefor, are the other errors relied on for reversal.

Our statute, section 10 of chapter 133 of the Code, denies the right of a court on awarding a temporary injunction to make it effective in advance of the giving by plaintiff of a proper bond conditioned as prescribed by the statute. *Chesapeake & Ohio Ry. Co.* v. *Patton,* 5 W. Va. 234; *Glen Jean, L. L. & D. R. R. Co.* v. *Kanawha, G. J. & E. R.R. Co.,* 47 W. Va. 725; *Lomax* v. *Picot,* 2 Rand. 247. The decree below awarding tkhe temporary injunction must therefore be so modified as to render it ineffective until the plaintiff has given bond in such penalty as the circuit court may prescribe, conditioned according to law.

And without consent of the parties, not given, it was manifest error for the court below to have pronounced a final decree against the defendant. The answer put in issue the material facts, and without the cause having been properly matured for final hearing, the court should have withheld final action.

Our duty is therefore to modify the temporary injunction as indicated, and to reverse so much of the decree as finally adjudicates the rights of the parties, and to remand the cause for further proceedings.

*Reversed and remanded.*