[Civ. No. 4157.  Second Appellate District, Division One.—April 4,
1923.]

WILLIAM MAIER et al., Copartners, etc., Petitioners, v.
E. A. LUCE, as Judge of the Superior Court of San
Diego County, et al., Respondents.

[1] INJUNCTION — RESTRAINING   ORDER — UNDERTAKING — EXPIRATION
UPON TEMPORARY INJUNCTION.—Where on the filing of a complaint
for an injunction the court, as a condition precedent to the issu-
ing of a restraining order, properly required from plaintiffs an
undertaking indemnifying defendants from any damage which
they might sustain by reason of such order, such undertaking re-
lated only to the restraining order and expired with it, and a
temporary injunction issued on the hearing of the order to show
cause without the requirement of a new bond was inoperative and
its violation was not a contempt of court.

[2] CONTEMPT—ORAL ANNOUNCEMENT OF COURT.—Contempt of court
is a specific criminal offense, made such by the provisions of
sections 1209–1212 of the Code of Civil Procedure, and one may
not be held guilty of such an offense by reason of his violation
of an order having no tangible existence of record, but resting
solely in a mere oral announcement by the judge.

[3] ID.—NUNC PRO TUNC ORDER—BASIS OF CONTEMPT PROCEEDING.—
An order made *nunc pro tunc*, including therein requirements dif-
ferent from those expressed in existing court records, cannot be
made the basis of a contempt proceeding until after such changes
in the order have been brought to the personal attention of the
person thereby affected.

[4] INJUNCTION—UNDERTAKING—CONDITION PRECEDENT.—On granting
an injunction, excepting in certain enumerated instances, the court
must require a written undertaking on the part of the applicant

<hr/>

1.  Disobedience of void injunction as contempt, notes, 1 **Ann.
Cas.** 121; 16 **L. R. A. (N. S.)** 1063.

indemnifying the party enjoined for any damage which he may sustain by reason of the wrongful issuance of the injunction, and it is immaterial whether the restraining order be made on an *ex parte* application or upon an order to show cause previously made.

[5] CONTEMPT—DISOBEDIENCE OF VOID ORDER.—No one may be punished for contempt because of his disobedience of a void order.

PROCEEDING on application for a Writ of Prohibition to prevent the Superior Court of San Diego County from enforcing a contempt order. E. A. Luce, Judge. Writ granted.

The facts are stated in the opinion of the court.

A. Rosenthal for Petitioners.

George H. Stone and Wright & McKee for Respondents.

HOUSER, J.—In this matter petitioners seek to prohibit the superior court of the state of California, in and for the county of San Diego, and E. A. Luce, as judge thereof, from proceeding with the punishment of one of the petitioners under an order to show cause why he should not be punished for a contempt of said court.

In a suit pending in said court an injunction was sought enjoining and restraining defendants, who are the petitioners herein, from operating under the name of "San Diego Cab Company," as well as from using in their business taxicabs known as "yellow cabs." On the filing of the complaint the court issued an order to show cause why the defendants should not be so enjoined, and at the same time issued a temporary restraining order, on which the court required the plaintiffs to give, and they did give, an undertaking in the usual form, excepting that instead of reciting that the plaintiffs therein had applied or were about to apply for a restraining order, the bond recited that plaintiffs had applied for an injunction, and the undertaking provided that the sureties therein, "in consideration of the premises and of the issuing of said injunction, do jointly and severally undertake in the sum of Five Hundred Dollars ($500), and promise to the effect that they will pay to the parties enjoined such damages, not exceeding the sum of Five Hundred Dollars ($500), as such parties may sustain by reason

of said injunction, if the said Superior Court finally decides that plaintiff was not entitled thereto.'' On the hearing of the order to show cause therein the court held that defendants had no right pending the hearing of the case to use cabs painted a yellow color. The cause was thereupon set for hearing two days later. No new bond was required by the court, nor was one ever given upon the temporary injunction, and on the subsequent hearing of the cause the court granted a motion for nonsuit. Thereafter a motion for new trial was made on behalf of plaintiffs, and because of the fact that between the date of the granting of the motion for nonsuit, and the time of filing the motion for new trial, counsel, who was related to the judge before whom the action previously had been heard, had been substituted as attorney for plaintiffs, the cause was transferred to another department of the superior court of said county presided over by Honorable E. A. Luce. The motion for new trial was granted, and the court included within the order therefor a provision that ''the said temporary injunction is hereby continued in full force and effect pending the further order of this court.'' Thereafter, on a showing made by plaintiffs in that action, defendants were ordered to show cause why they should not be punished for contempt of court because of their alleged violation of the terms of said temporary injunction. On the hearing of said order to show cause, it appearing that through inadvertence and mistake in preparing the written minutes of the court covering the order for the temporary injunction, the full, true, and correct order of the court was not entered in the minutes of the court, the judge who had issued the temporary injunction made and entered a *nunc pro tunc* order correcting said minutes so that such minutes as corrected showed that in addition to restraining the defendants from the use of yellow cabs and taxicabs, the bond in the penal sum of five hundred dollars given upon the temporary restraining order which had theretofore been approved by the court was ordered continued in full force and effect as a bond upon the temporary injunction. The court found that defendant William Maier had violated the terms of the temporary injunction and consequently that he was guilty of a contempt of the court; and it was ordered that because of said contempt of court, the said William Maier

be punished by a fine of two hundred dollars and that in default of payment thereof he be confined in the county jail for a period of five days.

The only point relied upon by counsel for petitioners is that the court was without jurisdiction to issue a temporary injunction before a new bond had been given by plaintiffs. When the complaint was filed in which petitioners here were made defendants therein, the court, as a condition precedent to the issuing of a restraining order, properly required from plaintiffs an undertaking indemnifying defendants from any damage which they might sustain by reason of such restraining order if it should be finally decided by the court that plaintiffs were not entitled thereto. (Sec. 529, Code Civ. Proc.; *Neumann* v. *Moretti,* 146 Cal. 31 [79 Pac. 512]; *San Diego Water Co.* v. *Pacific Coast Steamship Co.,* 101 Cal. 216 [35 Pac. 651]; *McCracken* v. *Harris,* 54 Cal. 81.) Although that undertaking refers to an "injunction," it will be presumed that all persons connected with its issuance were aware of the law requiring that a bond be given before the restraining order could issue. The fact that an undertaking was given at that time would indicate that the "injunction" referred to therein was the restraining order which was then signed by the judge of the court. The restraining order directs defendants to refrain from the commission of particular acts, and it constituted an injunction as thoroughly and effectively as would any other order given by the court directed to defendants. The fact that it is denominated a restraining order in nowise affects the nature of the command. (*Neumann* v. *Moretti,* 146 Cal. 32 [79 Pac. 512].)

[1] The restraining order in this case forbade the commission of certain acts until the further order of the court, but the almost universal trend of authorities, including the early case of *Hicks* v. *Michael,* 15 Cal. 107, is to the effect that its force was expended on the hearing of the order to show cause. In the case just cited the order restrained defendants "until the hearing of the whole matter," but the court, by Field, C. J., said that such words did not operate to change it into an injunction pending the suit, and that the restraining order expired by its own limitation, which was only until the propriety of granting the temporary injunction could be determined on the hearing of

the order to show cause; and to the same effect see *Cohen* v. *Gray,* 70 Cal. 86 [11 Pac. 508]; *San Diego Water ·Co.* v. *Pacific Coast Steamship Co.,* and *Neumann* v. *Morétti, supra.* The ruling in the foregoing cases effectually disposes of respondents' contention to the effect that the bond, taken in connection with the restraining order, bound the sureties until the final disposition of the case. Sureties have a right to stand on the letter of their bond. (*Carter* v. *Mulrein,* 82 Cal. 169 [16 Am. St. Rep. 99, 22 Pac. 1086], citing cases.) The sureties on the bond in question here only obligated themselves with reference to the restraining order, and the judge was powerless to extend their liability beyond the precise terms of their contract.

It will be remembered that at the time the order to show cause why defendants should not be punished for contempt of court was issued, neither by the court's minute order nor by written order of any sort was either the original restraining order or the undertaking given as the basis for its issuance kept or attempted to be kept in force— the *nunc pro tunc* order to that effect not being signed by the judge who heard the order to show cause in the matter of the temporary injunction until a period of two months had elapsed after the hearing thereon, and being after the time when defendants were ordered to show cause why they should not be punished for contempt of court. [2] Contempt of court is a specific criminal offense, made such by the provisions of sections 1209–1212 of the Code of Civil Procedure (*Ex parte Gould,* 99 Cal. 360 [37 Am. St. Rep. 57, 21 L. R. A. 751, 33 Pac. 1112]; *Cosby* v. *Superior Court,* 110 Cal. 52 [42 Pac. 460]; *McClatchy* v. *Superior Court,* 119 Cal. 419 [39 L. R. A. 691, 51 Pac. 696]; *Reymert* v. *Smith,* 5 Cal. App. 380 [90 Pac. 470]), and one may not be held guilty of such an offense by reason of his violation of an order of court having no tangible existence of record, but resting solely in a mere oral announcement by the judge. Interested parties have a right to stand upon the permanent written record of such orders. [3] An order made *nunc pro tunc,* including therein requirements different from those expressed in existing court records, cannot be made the basis of a contempt proceeding until after such changes in the order have been brought to the personal

attention of the person thereby affected. (*Cosby* v. *Superior Court*, 110 Cal. 52 [42 Pac. 460].)

[4] As has been heretofore stated herein, on granting an injunction, excepting in certain enumerated instances, the court must require a written undertaking on the part of the applicant indemnifying the party enjoined for any damage which he may sustain by reason of the wrongful issuance of the injunction. Such undertaking is prerequisite to the order. In other words, any injunctional order issued in the absence of such undertaking is inoperative (*Elliott* v. *Osborne*, 1 Cal. 396), and it is immaterial whether the restraining order be made on an *ex parte* application or upon an order to show cause previously made. (*McCracken* v. *Harris*, 54 Cal. 83. And see *Neumann* v. *Moretti, supra*.)

In the case of *State* v. *La Follette* (1921), 100 Or. 1, [196 Pac. 412], which was a contempt proceeding, it is said that while there are some decisions to the contrary, although the court acquired jurisdiction over the suit, no jurisdiction was thereby acquired to allow a preliminary injunction without requiring the filing of a bond; that the failure on the part of the applicant to give an undertaking rendered the injunction absolutely void; and that respondent could not be punished as for contempt of court because of the violation by him of the provisions of the injunction. In *MacWatters* v. *Stockslager* (1917), 29 Idaho, 803 [162 Pac. 671], it is held that an injunction was void and inoperative by reason of the failure of the district judge to exact an undertaking; that its violation did not constitute contempt of court, and that the respondent was without jurisdiction to adjudge the violator guilty and to punish him. *State* v. *Williams* (1909), 221 Mo. 227 [120 S. W. 740], is authority to the effect that a statute exacting a bond as a condition precedent to the granting of an injunction goes to the very jurisdiction of the court, and that the issuing of an injunction without requiring the bond would be in excess of jurisdiction. And the court in *State v. McQuillin* (1914), 260 Mo. 164 [168 S. W. 924], holds that an injunction issued without bond is inoperative and disobedience to its commands is not a contempt. *Baker* v. *Meisch* (1890), 29 Neb. 227 [45 N. W. 685], contains the declaration that unless an undertaking be given, a party

enjoined is not liable for contempt for disregarding the injunction.

In *Ex parte Miller,* 129 Ala. 130 [87 Am. St. Rep. 49, 30 South. 611], it is held that an injunction is conditional in its nature, and that there can be no injunction and consequently no contempt for its violation until the bond has been given. And see, also, the following cases: *Castleman* v. *State,* 94 Miss. 609 [47 South. 647]; *Baur* v. *Wilkes-Barre L. Co.,* 259 Pa. 117 [102 Atl. 430]; *Boykin* v. *Patterson* (Tex. Civ. App.), 214 S. W. 611; *Griffith* v. *State* (Tex. Civ. App.), 210 S. W. 293; *McHenry* v. *State,* 91 Miss. 562 [16 L. R. A. (N. S.) 1062, 44 South. 831]; *Smith* v. *People,* 2 Colo. App. 99 [29 Pac. 924]; *Diehl* v. *Friester,* 37 Ohio St. 473; *Lawton* v. *Richardson,* 115 Mich. 12, [72 N. W. 988]; *Western Academy Beaux Arts* v. *De Bit,* 101 Wash. 42 [171 Pac. 1036]; *Swope* v. *Seattle,* 35 Wash. 69 [76 Pac. 517]; 1 Spelling on Injunctions, 2d ed., sec. 935; *Winslow* v. *Nayson,* 113 Mass. 411; *Conley* v. *Brewer,* 85 W. Va. 725 [102 S. E. 607].

A Nebraska case entitled *State* v. *Greene,* decided in 1896 and reported in 48 Neb. 327 [67 N. W. 162], is in point. In that case, as here, a judge ordered that the bond given on issuing the restraining order be allowed to stand in place of a new bond which should have been given when the injunction was issued. In passing upon that matter the court said: "Although by the order allowed by Judge Sinclair the bond given under the restraining order was ordered to stand in the place of a new one, such bond did not and could not have the effect to give any validity to his order. Not only is there no statute which authorizes a court or judge to make an order dispensing with the giving of a new bond in granting a temporary injunction in such a case, or to require that a former bond shall stand, but, if the requirements of the legislature mean anything, or are to be observed and enforced, a new bond should have been required of and given by the relator, to make the injunction effectual."

[5] No one may be punished for contempt because of his disobedience of a void order. (*Brown* v. *Moore,* 61 Cal. 432; *Ex parte Brown,* 97 Cal. 83 [31 Pac. 840]; *Ex parte Clarke,* 126 Cal. 240 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546].)

The weight of authority leads this court to the conclusion that not only was the *nunc pro tunc* order ineffectual as against petitioners, but that the failure of the court to require a new bond on the order for a temporary injunction rendered the temporary injunction inoperative. The attempt by the court on granting the motion for new trial to revive the order for temporary injunction was likewise ineffectual. It follows that the petitioners' prayer for relief should be granted.

It is ordered that the alternative writ heretofore issued herein be and is hereby made permanent.

Conrey, P. J., and Curtis, J., concurred.