SANTANA ET AL., PLAINTIFFS AND APPELLEES, *v.* MUNICIPALITY OF MANATÍ, ETC., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action for the Annulment of an Ordinance, Etc.

No. 3027.—Decided April 24, 1924.

MUNICIPALITIES—PUBLIC WORKS—COMPETITIVE BIDS—LOAN.—Generally there are charter or statutory provisions requiring proposals for bids for certain mu-

nicipal contracts to be advertised and the contract let to the lowest and best, or lowest responsible, bidder. Such requirements are for the purpose of inviting competition and preventing favoritism and fraud, and to secure the best work or supplies at the lowest price practicable, and are enacted for the benefit of property holders and taxpayers, and not for the benefit of or to enrich bidders, and are to be executed with sole reference to the public interest. These provisions are strictly construed by the courts, and will not be extended beyond their reasonable purpose. Where competitive bidding is required by a valid provision in a statute, charter or ordinance, the pro-vision is mandatory and must be fully complied with or else the contract will be invalid and unenforceable against the municipality.

ID.—ID.—ID.—ID.—A municipal ordinance authorized the commissioner of public service, police and prisons to borrow a certain sum of money for the con-struction of a sewerage system and to cause to be issued as evidence of such indebtedness promissory notes of the municipality. Without having contracted the loan the said commissioner advertised for bids for the con-struction of the work, imposing upon bidders the condition that the successful one should assume the loan if so required by the board of awards, and under such conditions the contract was let. *Held:* That the letting of the contract was void because in conflict with the ordinance authorizing the loan.

The facts are stated in the opinion.

*Messrs. J. B. Soto* and *J. R. Aponte* for the appellants.

*Mr. R. Rivera Zayas* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A municipal ordinance entitled "An Ordinance author-izing the Contracting of a Loan in the Sum of $45,000 for the Construction of a Sewerage System for the Municipality of Manatí, Porto Rico, and for other purposes", authorized and directed the Commissioner of Public Service, Police and Prisons to borrow from any bank, banking institution or individual the amount above mentioned at a rate of inter-est not to exceed seven per cent per annum, and to cause to be issued as evidence of such indebtedness promissory notes of the municipality in a prescribed form.

Of the total amount $2,000 was to be expended in pre-liminary surveys, printing of certificates and the acquisition of lands, and $43,000 in the actual work of construction. Provision was also made for reimbursement of the Insular Government out of the same fund to the extent of any ex-penses incurred through the participation of the Department

of the Interior in the undertaking, and for the disposition of any balance remaining after completion of the work.

The advertisement for bids specifies as a "condition imposed by the administrative council for the acceptance of bids that the successful bidder must be disposed to purchase the loan of $45,000 . . . . if so required by the board of award."

Because of this unique condition precedent and its obvious tendency to discourage and eliminate competition, and because of a number of other matters which we need not discuss, the district court, at the instance of certain taxpayers, held the letting of the contract for construction of a sewerage system, in the manner indicated, to be unauthorized and void, and enjoined all further proceedings under the award as made.

There is little or no controversy as to the legal principle involved.

"Generally there are charter or statutory provisions requiring proposals for bids for certain municipal contracts to be advertised and the contract let to the lowest and best, or lowest responsible, bidder. Such requirements are for the purpose of inviting competition and preventing favoritism and fraud, and to secure the best work or supplies at the lowest price practicable, and are enacted for the benefit of property holders and taxpayers, and not for the benefit of or to enrich bidders, and are to be executed with sole reference to the public interest. These provisions are strictly construed by the courts, and will not be extended beyond their reasonable purpose.

"Where competitive bidding is required by a valid provision in a statute, charter or ordinance, the provision is mandatory and must be fully complied with or else the contract will be invalid and unenforceable against the municipality." 3 McQuillin, p. 2630.

But appellants say that the condition imposed upon prospective bidders in the instant case did not vitiate the award:

"1.—Because such condition does not tend, as plaintiffs claim, to prevent free competition, since the advertisement simply states

that the bidders must be prepared to buy the promissory notes, should the Board of Award so require, without any obligation on their part to purchase the same at a fixed price that might not be satisfactory to them.

"2.—Because such condition, even tho it might tend to destroy competition, would, on the other hand, benefit the municipality and, resultantly, the taxpayers of Manatí, by securing buyers of the said notes, besides affording the municipality an opportunity to sell them at a higher price.

"3.—Because the said promissory notes were issued to raise funds with which to construct the said sewer and it was perfectly licit on the part of the municipality to invite bidders by means of proper notice and premonish them that payment would be made in promissory notes of the kind described in the ordinance and payable to order. That there is nothing illegal or improper in such proceeding, and that is what the condition laid down in the announcement of sale and which is attacked as illegal by the plaintiffs, amounts to.

"4.—Because, moreover, our Municipal Law, which must be first considered in disposing of questions that arise, differs from the greater part of the American laws in an important point: Our statute merely imposes the obligation of effecting all public works by bids, without requiring, as is the case in laws of the United States to which the said jurisprudence refers, that the award shall be made to the lowest bidder.

"5.—Because, finally, the contract was consummated not only with a responsible bidder like Mr. Antonsanti, but also at a relatively low figure, since the engineers of the municipality had calculated the cost of the work at not less than $43,000 and Mr. Antonsanti had agreed, as the complaint itself shows, to carry out the undertaking for $37,566.70, to the great advantage of the municipality and resultant benefit of the plaintiff taxpayers in said municipality."

Appellants also suggest that the court below erred in issuing a preliminary restraining order without requiring a bond. In this connection we are referred to section 7 of our local statute and *Neumann v. Moretti,* 146 Cal. 31.

Appellants admit that upon the application of the defendant Antonsanti, the contractor, the execution of a bond in his favor was ordered, but they complain of an alleged

refusal to require a similar undertaking in favor of the other defendants. No reference is made to any page or portion of the record as disclosing the ruling in question or the grounds thereof, if any were stated. The California case above mentioned seems to have been an appeal from an order refusing to dissolve an *ex parte* restraining order, decided long after judgment had been rendered in the court below against the plaintiffs and in favor of the defendants who had been so restrained, which judgment, in so far as any connection with the restraining order is concerned, was affirmed simultaneously with the reversal of the ruling on the motion to dissolve such restraining order. In the case at bar, and assuming for the moment the absence of other reversible error, there is no intimation as to why the question of omission to require a bond should not be regarded as academic at the present stage of the proceeding, as to how appellants were prejudiced by the error, if any, or as to why the judgment appealed from should be reversed upon such ground even though technically well taken.

Nor can we concur in the view that the omission to specify a purchase price tends to make the proposal for bids any more attractive to prospective bidders. If a purchase at par was not plainly implied, certainly the condition does not in terms leave the price to be fixed either by the successful bidder or by subsequent agreement between him and the municipal authorities, subject to a privilege of withdrawal upon the part of the bidder in case of failure to arrive at a satisfactory understanding in this regard. And a sale below par would involve a violation of the express limitation as to a maximum rate of interest, unless a corresponding reduction in such rate be also implied. Moreover, in any event, a stipulation by implication or otherwise as to such subsequent contingencies would tend to accentuate rather than to remove the objectionable features of the condition. On the other hand, a more definitely fixed price might have

aided the theory of appellant, if the whole matter of waiving or of exacting strict compliance with the terms of the onerous condition imposed had not been left entirely and exclusively to the pleasure of the board of award, to be ascertained or announced after the award had been made or at least after the bid had been submitted.

We do not deem it necessary or desirable to enter upon a discussion of the merits of the scheme evolved by the municipal council of administration herein as a method of providing purchasers for the promissory notes of the municipality at a higher price than capitalists or bankers might be disposed to pay. An ordinance making such notes legal tender within the territorial limits of the municipality would have been a simple, direct and, assuming the existence of such legislative power, an equally effective means to the same end.

The advertisement did not simply inform bidders that the work would be paid for in notes of the municipality. It required them to be prepared not only to provide funds for carrying on the work, but also to advance to the municipality a sum considerably in excess of the amount to be returned in compensation for the work. Thus a bidder who otherwise might have been willing to do the work, say for $35,000, that is for some $2,500 less than the amount for which the contract was let, would have been required, after providing the funds necessary to carry on the work, and in addition thereto, to advance to the municipality not only the amount of his bid, but $10,000 in excess thereof before beginning work, unless the board of award at the time of the award or thereafter should see fit and elect to release him from that obligation. Whether or not the board would decide thus to relieve him of this burden, as it did decide to do in the case of the successful bidder, defendant herein, on the day following the award, or whether it would determine to hold him to his contract, might depend upon a number of

things, including a mere personal preference for the one course or the other. The possible advantage of a bidder whose personal, social or business relations with the board or with individual members thereof were of a close, cordial or friendly nature over one who did not happen to be so favored need not be pointed out in order to be seen at once by any one, even though he be not an experienced contractor.

That our municipal law does not in terms require that the contract be let to the "lowest and best or lowest responsible bidder" does not eliminate the element of competitive bidding as an indispensable prerequisite. The spirit and the purpose of the provision that all public work shall be done "on call for bids" is to secure the keenest possible competition among bidders, and as a result thereof the most advantageous and profitable contract obtainable for the municipality,—not for some favorite son or political protegee, at the expense of the taxpayers and to the exclusion of equally competent and responsible contractors who might be glad to perform the same work under the same conditions for less money.

The fact that the successful bidder in the instant case is a competent contractor whose bid was well within the maximum amount available for the work, may be an extenuating circumstance, but it can not supply the failure to publish proposals for bids that would permit bidders to compete on an equal footing, under definite terms and conditions applicable to all alike and not subject to subsequent enforcement or waiver at the whim or caprice of the municipal board of award.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.