[No. 12203. Department Two. — December 23, 1889.]

CHARLES H. CARTER, RESPONDENT, v. D. MULREIN ET AL., APPELLANTS.

INJUNCTION BOND — LIABILITY OF SURETIES — PRIOR ISSUANCE OF WRIT. — The sureties on an injunction bond are entitled to stand upon the precise terms of their contract; and when a bond is given in pursuance of an order that an injunction issue upon the filing of the bond, the sureties are not liable for damages arising to the defendant from his obedience to a writ of injunction issued several days prior to the date of the bond, no writ having issued after the filing of the undertaking.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Langhorne & Miller*, for Appellants.

*William T. Baggett*, for Respondent.

McFARLAND, J.—This is an action on an injunction bond alleged to have been executed by the defendant Mulrein as principal, and the other defendants as sureties, in a certain action in the superior court in which the said Mulrein was plaintiff, and I. S. Kalloch and Carter (the plaintiff herein) and others were defendants. Judgment (in the case at bar) went for plaintiff, and the defendants Alpers and Westphal, two of the sureties on the bond, appeal from the judgment, and from an order denying a new trial.

The first point made by appellants is, that the complaint does not state a cause of action,—that point having been made, also, in the court below on an objection by defendants to the admission of any evidence on the part of plaintiff. And we see no escape from holding that the point is well taken.

It fully appears, from the complaint, and is admitted on the argument, that, in the said case of *Mulrein* v. *Kalloch et al.*, an order was signed by the judge of the court on March 3, 1881, and filed March 4, 1881, that an injunction issue "on the filing by plaintiff of a joint and several undertaking to the defendants in the sum of seven thousand five hundred dollars, with two sufficient sureties"; that on said March 4th a writ of injunction was issued and served; that said writ was the only writ of injunction ever issued in said action; that all the alleged damage to plaintiff was caused by his obedience to that writ, and that the bond sued on in the case at bar was not executed until March 12, 1881, eight days after the issuance and service of said writ. The bond recites that "whereas the above-entitled court has made an order that, upon the filing by the above-named plaintiff of an undertaking in the sum of seven thousand five hundred dollars, with two sufficient sureties, a writ of injunction issue. . . . . Now, therefore, in consideration of the premises, and that said writ of injunction may issue, we" under-

.take, etc.   No writ issued after the filing of the under-
taking.

It is well settled that sureties on statutory bonds, hav-
ing no personal interest in the litigation, can stand upon
the express terms of their undertaking, and cannot have
their liability forced beyond those terms.   "A surety has
a right to stand on the precise terms of his contract.
He can be held to no other or different contract."   (*Peo-
ple* v. *Buster*, 11 Cal. 220.)   "His liability arises under
his contract merely, and is limited by its terms and con-
ditions."   (*McDonald* v. *Fett*, 49 Cal. 355.)   "If there is
any principle of law well settled, it is that the liability
of sureties is not to be extended beyond the terms of
their contract.   To the extent and in the manner and
under the circumstances pointed out in their obligation,
they are bound, and no further; they are entitled to
stand on its *precise terms*."   (*Pierce* v. *Whiting*, 63 Cal.
543.)   In the bond sued on in this case, there is no
undertaking by the sureties to protect against the in-
junction which had been issued on March 4th.   It re-
ferred entirely to a writ of injunction which might
issue by virtue of the undertaking upon or after its
filing; and no such writ ever issued.   No doubt the de-
fendant in that case (plaintiff in this) relied upon that
undertaking; but we cannot wrest settled principles of
law from their foundations in order to condone the care-
lessness of parties who fail to look after their rights at
the proper time.   If the defendants in the injunction
suit had paid the slightest attention to their interests
when the bond sued on was filed, they would have dis-
covered that it afforded no protection against the writ,
which had for several days been issued and served, and
that said writ was invalid, unless, indeed, we must pre-
sume that some *other bond* had been filed before the writ
issued.

Whether the real facts are different from those averred,
and whether plaintiff could better his case by amending

his complaint, are matters of which we have no knowledge.

Judgment and order reversed.

THORNTON, J., and SHARPSTEIN, J., concurred.