[S. F. No. 11285. In Bank.—August 30, 1924.]

HENRY BIASCA, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] INJUNCTION — INTERIM RESTRAINING ORDER — ABSENCE OF UNDERTAKING—VALIDITY OF ORDER—PRACTICE.—Although the better practice would be to require an undertaking upon the granting of an interim restraining order, still the omission to require the undertaking mentioned in section 529 of the Code of Civil Procedure upon granting such interim restraining order does not render such order void.

(1) 32 **C. J.,** p. 312, sec. 507.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Humboldt County from proceeding with contempt proceedings. George D. Murray, Judge. Writ denied.

The facts are stated in the opinion of the court.

W. F. Clayborne and A. J. Thatcher for Petitioner.

THE COURT.—This application for a writ of prohibition presents for decision the single question of the jurisdiction of the superior court to issue an interim restraining order without requiring the undertaking mentioned in section 529 of the Code of Civil Procedure. A complaint was filed in the respondent court which stated a cause of action in favor of the plaintiff therein for an injunction against the defendant therein. Upon application for a temporary injunction *pendente lite* the respondent court issued an order to show cause why an injunction should not issue as prayed for, which was made returnable seven days after the date of its issuance, and which provided further that "pending the hearing of said motion for a preliminary injunction and until the determination of said motion" the defendants were restrained from doing the things therein specified. No undertaking was required or given in connection with the issuance of said interim restraining order. Contempt proceedings having been initiated in the respondent court, based

1. See 14 **Cal. Jur.** 253.

upon an alleged violation of the interim restraining order, a writ of prohibition is sought to restrain the respondent court from proceeding with the same, upon the ground that in the absence of such an undertaking the restraining order was void. In *San Diego W. Co.* v. *Steamship Co.*, 101 Cal. 216 [35 Pac. 651], this court pointed out the distinction between a preliminary injunction on the one hand and an interim restraining order in connection with an order to show cause and expiring with it on the other hand, and held definitely that an undertaking is required in connection with the former but not with the latter. That decision has never been overruled or departed from by this court so far as we are advised. It was cited and distinguished in *Neumann* v. *Moretti*, 146 Cal. 31 [79 Pac. 512], and it was there pointed out that "the temporary restraining order referred to in the statute is an order which applies to the time intervening between an application for an injunction and the day fixed in the order to show cause. Under section 528, after the defendant has answered, an injunction cannot be allowed except upon an order to show cause. Under section 530, if the court or judge deems it proper that the defendant should be heard an order may be made requiring cause to be shown at a specified time and place.

"Under either section, pending the application and before hearing the parties on the order to show cause, the defendant may be restrained. It would be the better practice, and certainly is the general practice, to require an undertaking during such temporary restraining order." In *Maier* v. *Luce*, 61 Cal. App. 552 [215 Pac. 399], the district court of appeal held that any injunctional order issued in the absence of such undertaking is inoperative. We do not feel warranted in adopting this conclusion as applied to interim restraining orders such as the one here under consideration. Thirty years have elapsed since the decision in the San Diego Water case, *supra*, during which time several amendments to section 529 of the Code of Civil Procedure have been adopted, the last of which was subsequent to the decision in the Neumann case, *supra*. None of these amendments evidences an intent on the part of the legislature to depart from the rule of law embodied in this section as expounded in those two decisions. The provisions of the former section 530 of the Code of Civil Procedure, for an

interim restraining order, which were referred to in the Neumann case, were omitted therefrom in the amendment thereof in 1911 (Stats. 1911, p. 1421). But they were at the same time inserted, in substance, in section 527 (Stats. 1911, p. 59). We must therefore regard the amendments as legislative affirmances of that rule of law. **[1]** This court has several times expressed its opinion that the better practice would be to require an undertaking upon the granting of such an interim restraining order, but we cannot conclude that the omission to do so renders such order void.

The petition is denied.