[Civ. No. 15834. First Dist., Div. Two. Apr. 26, 1954.]

KENNETH M. GRIFFIN et al., Respondents, v. MANUEL
LIMA et al., Appellants.

James S. Duberg for Appellants.

Tobriner & Lazarus, Albert Brundage and Robert Le Prohn
for Respondents.

KAUFMAN, J.—This is an appeal from a minute order
granting a temporary injunction as prayed for in plaintiffs'
complaint.

On November 19, 1952, respondent, Kenneth Griffin, in-

dividually, and in his representative capacity as secretary-treasurer of Teamsters' Automotive Workers' Union, Local No. 576, on behalf of himself and all other members of said local, filed a complaint for specific performance of an alleged collective bargaining agreement and for injunction. At the time the complaint was filed, an order was made for defendants to show cause why an injunction pendente lite should not issue. On January 6, 1953, a hearing was had on defendants' demurrer and the order to show cause, and the case was submitted after argument. On January 8, 1953, the trial judge issued a minute order overruling the demurrer with leave to answer and granting a temporary injunction.

Defendants and appellants herein are owners and/or operators of funeral homes in Santa Clara County. Defendant Employers' Council of Santa Clara County, an unincorporated association, was designated by the defendants herein, other than Jack Hale, as their agent to conduct negotiations with the aforesaid labor organization concerning the terms and conditions of employment of the employees of defendants, which designation remained unrevoked until sometime after May 28, 1951.

It is alleged that prior to May 17, 1951, said labor organization had on many occasions notified defendants that their employees had designated it as their representative for purposes of collective bargaining, and requested defendants to recognize said union as the collective bargaining representative of defendants' employees. It is then alleged that on or about May 17, 1951, defendants orally entered into a collective bargaining agreement with said union whereby they agreed "that if, in fact a majority of their employees had designated it as the collective bargaining representative and if satisfactory proofs of such fact were obtained in the form of an election conducted by the State of California Department of Industrial Relations Conciliation Service, the said defendants would recognize said Union as the exclusive collective bargaining agent for their employees and would negotiate with it concerning the terms and conditions of employment for the said employees and would enter into a contract covering the same." The election was then held, and it is alleged that the 13 employees involved signified that they wished to be represented by Local 576, A.F.L., by a vote of 9 to 4.

After the election, defendants refused to bargain with the union or enter into a contract. The complaint then alleges that defendants, unless restrained "will continue as herein-

above alleged and will refuse to perform the said oral agreement of May 17, 1951, to the irreparable damage of petitioners and the employees for whom this action is brought." Petitioners then ask for a (1) temporary injunction "restraining the actions herein complained of"; (2) after hearing, a permanent injunction; (3) after hearing, an order specifically enforcing the contract as set forth.

Appellants contend that the order granting the temporary injunction is void and inoperative because no bond was required from plaintiffs pursuant to Code of Civil Procedure, section 529. That section states that the judge "on granting an injunction . . . must require . . . a written undertaking on the part of the applicant, with sufficient sureties, . . ." and within five days after the service of the injunction the person enjoined may except to the sufficiency of the sureties.

 It is very clear from the authorities that a preliminary injunction does not become operative until a bond is furnished, and that such a bond is expressly required. (*San Diego W. Co.* v. *Steamship Co.,* 101 Cal. 216 [35 P. 651]; *Biasca* v. *Superior Court,* 194 Cal. 366 [228 P. 861].) It is also clear that no one can be held in contempt for violating an injunction such as that issued herein, which requires affirmative acts on the part of defendants without requiring the bond made mandatory by section 529, Code of Civil Procedure.

There is some authority to the effect that such an order is void. It is so stated in 14 California Jurisprudence 252, section 58, which apparently relies for that conclusion on *Carter* v. *Mulrein,* 82 Cal. 167 [22 P. 1086, 16 Am.St.Rep. 98] and *Maier* v. *Luce,* 61 Cal.App. 552 [215 P. 399]. In the latter case a writ of prohibition was granted to stop a prosecution for contempt for violation of a temporary injunction which required no undertaking to be filed. That case reviewed several out of state cases, some of which held such an order to be void, others that it was inoperative. In the next to the last paragraph of the opinion it is stated that "No one may be punished for contempt because of his disobedience of a void order." In the last paragraph the court concluded that the weight of authority led it to conclude that the failure to require a bond rendered the temporary injunction inoperative.

In 28 American Jurisprudence 437, section 262, it is said that whether the matter is jurisdictional or not depends upon

the terms of the statute. Where the statute is mandatory (as it is here) the injunction may not be valid and operative until the bond is given. It is said that unless the statute requires the bond to be filed before or at the time of the issuance of the injunction, it may be filed thereafter or even after appeal where the circumstances justify it. The terms of the statute here involved demand that ''on granting the injunction, the court or judge must require . . . a written undertaking on the part of the applicant . . .''

In our opinion the temporary injunction here issued is inoperative and of no effect and the order granting the same cannot be sustained on this ground alone.

■ Appellants also contend the injunction is void because of uncertainty. With this contention we must agree. It is difficult to determine from the minute order just what acts the temporary injunction demands of defendants. That order recites that the union having won the election, defendants should be required to negotiate, but then orders that the temporary injunction issue ''as prayed for in the complaint.'' The final paragraph of the complaint asks that temporary injunction issue ''restraining the actions herein complained of'' which appear from the first part of that paragraph to be that defendants will ''continue as hereinabove alleged and will refuse to perform the said oral agreement of May 17, 1951.'' That oral agreement, as alleged, embraced not only an agreement to negotiate but also to enter into a contract concerning the terms and conditions of employment for defendants' employees.

If the terms of a preliminary injunction are uncertain it cannot be a valid injunction. In *Wheeler* v. *Superior Court,* 82 Cal.App. 202 [255 P. 275], cited with approval in *People* v. *Gordon,* 105 Cal.App.2d 711 [234 P.2d 287], it is pointed out that an injunction should contain sufficient information on its face to apprise the party upon whom it is served of what he is restrained from doing. In *Wutchumna Water Co.* v. *Superior Court,* 215 Cal. 734, 737 [12 P.2d 1033], it was held that although decrees in equity are almost invariably signed by the judge, if he is satisfied that relief upon application for preliminary injunction may be granted in the language of the prayer or motion, he is not required to sign a decision in writing, and the minute order is sufficient. In *People* v. *Gordon, supra,* it was held that the minute order neither by reference or otherwise contained detailed formulation of the acts prohibited. It was therefore not considered

a final and appealable disposition of the application for a preliminary injunction. In the present case the minute order attempts by reference to formulate the injunction from the prayer of the complaint. The only reasonable reading of that prayer is that restraint is asked of all the actions of defendants therein complained of—namely, not negotiating and not entering into a contract concerning the terms and conditions of employment—which certainly goes far beyond the requirement that defendants negotiate, as would appear to be the intent of the court from all but the last sentence of the minute order.

If this is a reasonable interpretation of the temporary injunction, then it has in effect ordered specific performance as prayed for by respondents and has given everything that can be given by a permanent injunction, before answer is filed and in advance of the trial on the merits. It was said in *Nyman* v. *Desert Club,* 109 Cal.App.2d 63 [240 P.2d 37], that the purpose of a temporary injunction is to preserve the status quo until the merits of the action can be determined. And, see, Spelling, Injunctions and other Extraordinary Remedies (2d ed.), pp. 31-34, § 21. In *Bomberger* v. *McKelvey,* 35 Cal.2d 607 [220 P.2d 729], it is said that unless a preliminary injunction is intended as a final adjudication of the controversy, it does not amount to a decision on the ultimate rights in controversy. In that case, as here, where a demurrer was sustained with leave to amend, it was held that the order denying the injunction was not intended as a final disposition of the rights of the parties.

Appellants also contend that the complaint does not state facts sufficient to constitute a cause of action for specific performance and that the oral contract sought to be enforced is too uncertain. These contentions we need not decide at this time in view of our holding that the temporary injunction is inoperative and of no effect because no undertaking was filed and our further holding that the injunction is too uncertain and broad in its scope and grants relief that is only proper after a trial on the merits.

Whether or not respondents on the final hearing can amend their pleadings or supply proof sufficient to show that they are entitled to relief by way of specific performance or permanent injunction is not decided herein. It is only determined that at this stage of the case, before the answer is filed or the final hearing held, it would be an abuse of discretion to in effect make a final determination of the rights of the parties

prior to trial. If the injunction is not to be interpreted as such an adjudication, then it is so uncertain as to be invalid. (See *People* v. *Gordon, supra.*) Furthermore, as noted at the outset, it is also inoperative and of no effect because issued without an undertaking.

■ Respondents upon oral argument contended for the first time that the minute order appealed from herein is not an appealable order. They did not raise this issue in their brief. However, we must agree that there is merit in this contention. The minute order entered on January 8, 1953, recited that "the Court is of the opinion that the parties to this action did in fact agree to negotiate with each other in the event the Union won the election; and the Union having admittedly won the election, the defendants should now be required to negotiate. A temporary injunction will therefore issue as prayed for in the complaint." The final paragraph of the complaint alleges "That defendants, unless restrained by order of this Court, will continue as hereinabove alleged and will refuse to perform the said oral agreement of May 17, 1951, to the irreparable damage of petitioners and the employees for whom this action is brought . . .

"Wherefore, petitioners demand judgment as follows:

"(1) That the Court issue an order to show cause why temporary injunction should not be issued restraining the actions herein complained of.

"(2) That after hearing had herein the Court issue a permanent injunction permanently restraining the actions herein complained of.

"(3) That the Court after hearing herein issue its order specifically enforcing the contract heretofore made between the parties hereto, as set forth in the first cause of action hereof."

It is apparent that the relief demanded by paragraphs (1), (2), and (3) are the same. Paragraphs (1) and (2) ask that defendants be ordered to cease from refusing to perform the oral agreement of May 17, 1951, and (3) asks that defendants be ordered to perform the agreement of May 17, 1951. However, it seems obvious from a reading of the minute order that it has only been determined that defendants should be required to negotiate. But if we interpret this minute order as contemplating the incorporation by reference of the prayer of the complaint much greater relief will be given respondents than an injunction ordering them to negotiate. Undoubtedly, the court here had intended to issue a formal

order granting a temporary injunction. The question as to whether a minute order granting a preliminary injunction is an appealable order was discussed at length in *People v. Gordon, supra,* reviewing the California authorities in detail. That case determined that an order for a preliminary injunction can be validly made by minute order if said order by reference "provides all required details of formulation but that otherwise a formal written order is essential." If we attempt to incorporate the prayer of the complaint by reference herein, only confusion and uncertainty are created.

There is an additional reason why we feel certain that a formal order granting a temporary injunction was required. Section 529, Code of Civil Procedure, requires that "on granting an injunction, the court or judge must require, . . . a written undertaking on the part of the applicant, with sufficient sureties, . . ." There can be no valid preliminary injunction acquiring affirmative acts without such an undertaking. (14 Cal.Jur. 252, § 58; *Carter* v. *Mulrein, supra; Maier* v. *Luce, supra; San Diego W. Co.* v. *Steamship Co., supra; Biasca* v. *Superior Court,* 194 Cal. 366 [228 P. 861].)

In *Estate of Mills,* 111 Cal.App.2d 83 [243 P.2d 889], it was said that "It is settled under rule 2(b)(2) [Rules on Appeal] even though there is no direction in the minute order for the preparation of a written order if the minute order omits any essential portion of a valid order, such as findings when necessary, the minute order is not the appealable order. (*Trubowitch* v. *Riverbank Canning Co.,* 30 Cal. 2d 335, 346-347 [182 P.2d 182]; *People* v. *Gordon,* 105 Cal. App.2d 711, 717 [234 P.2d 287]; *Estate of Dow,* 91 Cal.App. 2d 420, 423 [205 P.2d 698]; *Hirschberg* v. *Oser,* 82 Cal.App. 2d 282, 286 [186 P.2d 53].)"

The appeal from the minute order granting a temporary injunction is therefore dismissed.

Nourse, P. J., and Dooling, J., concurred.