Filed 7/16/21  Roshan v. Konop CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KAVEH ROSHAN,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT C. KONOP et al.,<br><br>        Defendants and Respondents. | B283908<br><br>(Los Angeles County<br>Super. Ct. No. BC562586) |

APPEAL from a judgment of the Superior Court of Los Angeles County, J. Stephen Czuleger, Judge.  Affirmed.

SW Smyth and Andrew Smyth for Plaintiff and Appellant.

Hanger, Steinberg, Shapiro, & Ash, Jody Steinberg, and Lisa Mead for Defendants and Respondents Brian Shields and Brian Shields Plumbing, Inc.

Adams Stirling and Ronald M. St. Marie for Defendants and Respondents Robert C. Konop, Jamie Button, Paul Monczynski, and Villas Del Rey Condominiums Community Association.

# INTRODUCTION

Kaveh Roshan, owner of a condominium unit in a complex governed by the Villas Del Rey Condominiums Community Association, filed this action against Villas Del Rey and others, alleging the improper installation of a water pipe in his building caused flooding that damaged his personal property. A jury found the defendants were not liable, and the trial court issued an injunction, requested by Villas Del Rey in a cross-complaint, directing Roshan to, among other things, comply with Villas Del Rey's declaration of covenants, conditions, and restrictions (CC&Rs). Roshan appealed, contending the trial court erred in excluding certain categories of evidence, admonishing Roshan before the jury, and issuing the injunction. None of these contentions has merit. Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Roshan Files This Action*

In October 2014 Roshan filed this action against Villas Del Rey and its board members Robert C. Konop, Paul Monczynksi, and Jamie Button (collectively, the Villas Del Rey defendants), as well as Brian Shields and Brian Shields Plumbing, Inc. (collectively and interchangeably, Shields). In the operative second amended complaint, filed in January 2016, Roshan asserted causes of action for negligence, negligent misrepresentation, and fraud and deceit against all defendants; breach of fiduciary duty and negligent interference with prospective economic relations against the Villas Del Rey

defendants; and declaratory relief and breach of the CC&Rs against Villas Del Rey.

Roshan alleged that on the morning of November 2, 2012 he received a frantic telephone call from Villas Del Rey's on-site manager, José Cañas, alerting him to a problem with a water pipe recently installed above Roshan's private storage area, or "kennel," located in his building's garage. On arriving at the scene, Roshan met Konop and Shields, the plumber who had installed the pipe. Roshan saw that his kennel was "showered" and flooded and that the pipe had "failed" in two places: a "cracked" section near where the pipe connected to the original plumbing, and a place where it appeared—at least to Konop and Shields—someone had intentionally cut the pipe. The contents of Roshan's kennel, which included a "fully populated server rack" of high-performance computer servers, were destroyed. At the direction of Konop, Cañas filed a vandalism report with the police.

Roshan alleged that as a result of his investigation, however, he learned Shields had installed the water pipe without using hangers to help support the pipe from the ceiling. An "advisor plumber" told Roshan that, without the hangers, "there's absolutely no way this could have passed inspection." Roshan contacted the Los Angeles Department of Building and Safety (LADBS), which "preliminarily determined no prior LA City permit(s) were obtained by any of the Defendants" and initiated an investigation. In the meantime, an engineering firm Roshan hired opined the lack of ceiling hangers "was the inevitable cause of the failed plumbing." Roshan also filed a building permit violation referral with the California Contractors State License Board against Shields. Roshan alleged his referral resulted in a

3

finding Shields violated Business and Professions Code section 7110, which provides that a "[w]illful or deliberate disregard and violation of the building laws of the state . . . constitutes a cause for disciplinary action" against a licensed contractor.

Roshan alleged the defendants, in particular Monczynski, continued to attempt to deceive him about what caused the pipe to fail, insisting it was vandalism, and to lie to him that the installation was properly permitted. Monczynski also told Roshan that Roshan could not file a claim for damages to his property under Villas Del Rey's insurance policy because the policy did not cover acts of vandalism. Meanwhile, according to Roshan's allegations, the defendants ignored his requests to preserve evidence pending further investigation and, instead, removed and replaced the pipe. Even so, Roshan alleged, when LADBS inspectors visited the scene, they cited and fined Villas Del Rey for failing to obtain the requisite permits to install the water pipe and for more than a dozen other "'repair' violations" throughout the garage.

Roshan alleged Villas Del Rey's insurer denied his claim for coverage of the damaged property in his kennel after the insurer received instructions from Button "to deny all claims based on Villas Del Rey's rule that all residents store personal property in their kennels at their own risk, including 'water leaks' from common area plumbing." When, in further discussions, Roshan informed the insurance carrier that the "'water leaks'" resulted from "unpermitted plumbing," the carrier told Roshan it was denying his claim based on the evidence it received from Villas Del Rey, which included photographs of the "'severed'" portion of the pipe only.

4

Finally, Roshan alleged Villas Del Rey retaliated against him for notifying the association's insurer of the unpermitted water pipe by fining him $500 per day for supposed "architectural violations" he committed in remodeling his condominium. He alleged that Villas Del Rey had previously approved the modifications and that these fines caused him to lose a prospective buyer who was prepared to purchase his unit. In addition to seeking $400,000 in damages, Roshan sought a declaration that Villas Del Rey invalidly imposed the $500 daily fine.

B.    *Villas Del Rey Files a Cross-complaint Against Roshan*

In April 2015 Villas Del Rey filed a cross-complaint against Roshan for breach of the CC&Rs, nuisance, and declaratory relief. Villas Del Rey alleged Roshan committed numerous violations of its governing documents, including making unauthorized modifications to his condominium unit and the adjacent common area, for which he owed $37,000 in fines. Villas Del Rey also alleged Roshan continued to obstruct its efforts to make repairs to address problems caused by his modifications. Villas Del Rey sought, among other things, monetary damages, an "order compelling [Roshan] to immediately comply with [Villas Del Rey's] governing documents,"[1] a judicial declaration that those governing documents were enforceable against Roshan and that he breached them, and "such other and further relief as the court deems just and proper."

---

[1]    The cross-complaint defined "governing documents" to include Villas Del Rey's "CC&R[s], By-Laws, and Rules and Regulations."

C.   *The Defendants File Motions in Limine To Exclude Evidence of Insurance, LADBS Citations, and the Lack of Permitting for the Water Pipe*

Before trial, the Villas Del Rey defendants filed a motion in limine to exclude evidence of Villas Del Rey's insurance, arguing such evidence was irrelevant, inadmissible under Evidence Code section 1155, and unduly prejudicial under Evidence Code section 352. In his opposition to the motion, Roshan agreed he would "not mention insurance to prove negligence." "However," he argued, "one of the main reasons for Defendants' retaliation against [him] is because Defendants did not want [him] to file a claim with [Villas Del Rey's] insurance policy providing coverage for property damage." Roshan argued evidence of Villas Del Rey's insurance was therefore "crucial" to show why the Villas Del Rey defendants "acted in bad faith and retaliated against" him, and he stated he would "only . . . mention insurance for this purpose." The trial court granted the motion.

Shields filed a similar motion in limine to exclude evidence of his insurance under Evidence Code sections 1155 and 352. In his opposition, Roshan again agreed he would "not mention insurance to prove negligence," but only to show "why Defendants have acted in bad faith and retaliated against" him. Shields also filed a motion in limine to exclude evidence of any communications between him and his insurer under, among other authority, Evidence Code section 352. Roshan's "opposition" to this motion was a statement that he agreed "to [the] exclusion of such communication." Apparently, these two motions by Shields were "withdrawn by stipulation" without the trial court ruling on them.

6

The Villas Del Rey defendants also filed a motion in limine to exclude evidence of any LADBS citations against them, arguing such evidence was irrelevant and unduly prejudicial under Evidence Code section 352, which the trial court granted. Shields moved in limine on the same grounds to exclude evidence regarding any "violation warnings or notices" to him from the Contractors State License Board, in particular those concerning the "failure to obtain permit[s]," which the court also granted. In another motion in limine, based on the same grounds, Shields sought to exclude evidence of the "lack of permitting" and "the lack of ceiling hangers" for the water pipe he installed. The court granted this motion with regard to the lack of permitting, but denied it with regard to the lack of ceiling hangers. The court denied an ex parte application by Roshan to reconsider the order granting the motion with regard to the lack of permitting.

D.    *A Jury Finds the Defendants Are Not Liable, and the Trial Court Issues an Injunction*

The evidence and argument at the jury trial relevant to this appeal centered on competing versions of what caused the pipe to flood Roshan's kennel. Roshan argued that Shields's failure to support the pipe with ceiling hangers caused the pipe to oscillate, or "waggle," during use, that this caused the pipe to crack near where it joined the original plumbing, and that this crack was the source of the "leak" that damaged Roshan's servers. Roshan did not dispute the pipe was also intentionally cut and "yanked" down at an angle, but argued this happened after the pipe was "depressurized" by the "spraying" from the crack. In fact, he argued that Cañas, Konop, or Shields, or some combination of them, on initially discovering the flooding and wanting to

7

disguise its true cause, broke into Roshan's kennel and cut the pipe before he arrived.

Shields and the Villas Del Rey defendants argued that, when Cañas arrived on the scene of the flooded kennel (the first person to do so), the pipe inside Roshan's kennel was already cut and pulled down at an angle toward Roshan's servers. They noted that the kennel was indisputably still locked when Roshan arrived and that there was no evidence the lock had been tampered with. They suggested Roshan, who admitted he was at the kennel the night before, was "the only one with motive, opportunity, and means" to cut the pipe and intentionally damage his servers, whose value, they argued, he grossly exaggerated.[2] They acknowledged Shields "should have done the job [of installing the pipe] better," but insisted "[t]he cutting of the pipe is what caused this loss."

At the close of evidence and argument, the following causes of action remained for the jury: Roshan's causes of action for negligence and negligent misrepresentation against Villas Del Rey, Konop, and Shields; Roshan's cause of action for breach of fiduciary duty against Villas Del Rey and Konop; Roshan's cause of action for breach of the CC&Rs against Villas Del Rey; and

---

[2]   The trial court instructed the jury Roshan had "admitted to removing and replacing key components of his servers after the incident but before defendants had an opportunity to inspect them," "admitted not recording, logging, or providing [defendants] access to the pieces removed," and "admitted that none of the components had identifying marking, thus making it[ ] impossible to determine the alterations to these servers." "As such," the court continued, "the court has found that these intentional acts of destruction of evidence . . . severely prejudiced defendants in defense of their case."

8

Villas Del Rey's causes of action for nuisance and breach of the CC&Rs against Roshan. On all of Roshan's causes of action, the jury found the defendants were not liable. On the cause of action for negligence, in particular, the jury found that Villas Del Rey and Shields (but not Konop) were negligent, but that their negligence was not a substantial factor in causing Roshan's property damage. The jury found in favor of Roshan on Villas Del Rey's cause of action for nuisance and in favor of Villas Del Rey on its cause of action for breach of the CC&Rs, awarding Villas Del Rey $1,000 in damages.

In a separate proceeding, the trial court ruled on the parties' causes of action for equitable relief. On what the court described as "competing causes of action" for declaratory relief, it ruled that Villas Del Rey's governing documents were enforceable against Roshan and that he breached the CC&Rs, but that Villas Del Rey's fines against Roshan were not enforceable because Villas Del Rey had not complied with applicable notice requirements. On Villas Del Rey's "causes of action for injunctive relief," the court issued a permanent injunction ordering Roshan to, among other things, return the common area associated with his unit to its previous, unmodified condition. The court also enjoined Roshan from violating the CC&Rs in specified ways, including by making unapproved changes to common areas of his building, interfering with Villas Del Rey's right of inspection, or threatening or harassing Konop, Button, Monczynski or other board members. Roshan timely appealed.

## DISCUSSION

We agree with the respondents that, because Roshan's opening brief is so disorganized, confusing, and procedurally deficient, it is difficult to discern the number and nature of his contentions. (See, e.g., Cal. Rules of Court, rule 8.204(a)(1)(B)-(C) [an appellate brief must state each point under a separate heading or subheading, supporting each by argument and citation to authority, and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Guided by some of the headings in his brief and its "statement of issues presented," we have identified the issues that follow. Any others are forfeited. (See *Dinslage v. City & County of San Francisco* (2016) 5 Cal.App.5th 368, 377, fn. 3 ["'we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument'"]; *Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114 [where "there is no separate argument heading or analysis of the issue," that "alone is grounds to deem the argument" forfeited, and "'[a]n issue merely raised by a party without any argument or authority is deemed to be without foundation and requires no discussion'"].)

### A. *The Trial Court Did Not Err in Excluding Evidence of Insurance*

Roshan contends the trial court committed "reversible error by excluding all evidence of [i]nsurance." He acknowledges that "[u]sually evidence of insurance is excluded for good reasons," but argues that the trial court should not have excluded it here because it was necessary to prove "'negligence' was the cause of

the water damages" to his property.  More specifically (sort of), he argues Monczynski's "mistaken belief that vandalism was not covered was a motive for . . . Monczynski to make the intentional cut after the failure caused by negligence."[3]  Roshan's contention is meritless.

As a preliminary matter, Roshan does not adequately cite or identify the supposedly erroneous rulings he challenges, referring instead merely to "rulings of the trial [court] prior to the start of trial."  "'It is the appellant's burden to demonstrate the existence of reversible error.  [Citation.]'  [Citation.]  As part of that burden, the appellant must identify each order that he asserts is erroneous, cite to the particular portion of the record wherein that ruling is contained, and identify what particular legal authorities show error with respect to each challenged order."  (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443.)  Roshan has not satisfied these basic requirements; for that reason alone he has failed to demonstrate any error by the trial court in excluding evidence of insurance.  (See *Lafferty v. Wells Fargo Bank, N.A.* (2018) 25 Cal.App.5th 398, 427 ["an undeveloped argument that is unsupported by any record citations" is forfeited]; *Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 44 [disregarding an argument for which the appellant did not provide citations to the record].)

In any event, our review of the record turns up only one pretrial ruling excluding evidence of insurance—the trial court's

---

3    Wait—Monczynski?  Yep, even though, as far as we can tell, there was never any allegation, evidence, or argument at trial that Monczynski was present at the scene of the incident at the time Roshan claimed someone cut the pipe.

order granting the Villas Del Rey defendants' motion in limine to exclude evidence of Villas Del Rey's insurance—and to the extent that ruling erroneously excluded evidence of insurance to prove negligence, Roshan invited the error.  "'Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error.  [Citations.]' [Citation.]  As one court has explained invited error:  '[W]here a deliberate trial strategy results in an outcome disappointing to the advocate, the lawyer may not use that tactical decision as the basis to claim prejudicial error.'" (*Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 377-378 (*Baxter*); see *Telles Transport, Inc. v. Workers' Comp. Appeals Bd.* (2001) 92 Cal.App.4th 1159, 1166-1167.)  In his opposition to the Villas Del Rey defendants' motion in limine to exclude evidence of insurance (as well as in his oppositions to similar motions by Shields, which the court never ruled on), Roshan insisted he was not seeking, and would not seek, to mention evidence of insurance to prove negligence. Having taken that strategic position at trial, he cannot take the opposite position on appeal to claim error.

Roshan also suggests that, during trial, counsel for "Appellees" (he doesn't say which) "opened the door" to admitting evidence of insurance by asking certain questions of Roshan during cross-examination.  But, again, Roshan does not cite or identify any ruling by the trial court on this issue.  He has therefore again failed to demonstrate any error.

B.	*The Trial Court Did Not Err in Excluding Evidence of Building Code Citations*

Roshan also contends the trial court "commit[ted] reversible error by excluding evidence of building code citations." Specifically, he argues the trial court erred in granting the Villas Del Rey defendants' motion to exclude evidence of LADBS citations, granting Shields's motions in limine to exclude evidence of violation warnings or notices from the Contractors State License Board and evidence of the lack of permitting for the water pipe Shields installed, and denying Roshan's ex parte application to reconsider the order granting Shields's motion to exclude the lack of permitting.[4]

"We review a trial court's evidentiary rulings for abuse of discretion." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281; see *Unzueta v. Akopyan* (2019) 42 Cal.App.5th 199, 220.) To obtain a reversal, an appellant must also demonstrate "the error or errors complained of resulted in a miscarriage of justice." (Evid. Code, § 354; see *Shaw*, at p. 281.) "Prejudice or a miscarriage of justice exists when there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*Wallace v. County of Stanislaus* (2016) 245 Cal.App.4th 109, 132.)

---

[4]	As a supposedly separate contention, Roshan suggests the trial court also erred in, as Roshan puts it, "ruling that failure to get permits was irrelevant (i.e., of no moment)." But the "ruling" Roshan cites is merely a statement the court made to explain why it was denying Roshan's ex parte application. As we will explain, any error in that ruling was harmless.

We need not decide whether the trial court abused its discretion in making the rulings Roshan identifies because, even if it did, Roshan has not demonstrated these rulings prejudiced him. He argues the excluded evidence would have entitled him "to a jury instruction that 'negligence per se' had been established." However, "'[t]he doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence.'" (*Johnson v. Honeywell Internat. Inc.* (2009) 179 Cal.App.4th 549, 555.) "The plaintiff still has the burden of proving causation" on that cause of action. (*Id.* at p. 558.) As the verdict on the cause of action for negligence here suggests and Roshan concedes: "The Jury decision was based on the jury believing that Mr. Roshan cut the pipe. The Jury found 'negligence' but no causation. . . . Therefore, the jury believed the pipe was installed negligently but that it was the intentional cutting of the pipe that caused the damages." Roshan does not explain how an instruction that Shields, Villas Del Rey, and Konop (the three defendants remaining on the cause of action for negligence) were negligent per se (or otherwise) would have made it reasonably probable the jury would have found their negligence, rather than his intentionally cutting the pipe, damaged his property.[5]

As with his challenge to the exclusion of evidence of insurance, Roshan suggests "Appellees 'opened the door'" to evidence of building code citations by not objecting at certain

---

[5]     Although the jury did not find Konop negligent, Roshan does not suggest a contrary finding would have provided him a more favorable result. As stated, Roshan argues the jury believed he cut the pipe and damaged his own property.

14

points to the trial testimony of Roshan's expert on construction management.  But, once again, Roshan does not cite or identify any ruling by the trial court on this issue, and therefore he has not demonstrated any error.

C.     *The Trial Court Did Not Err in Admonishing Roshan*

 Roshan contends the trial court "committed reversible error when it harshly admonished [him] in the presence of the jury" for continuing to refer to, or attempt to refer to, previously excluded evidence while he was testifying.  He does not, however, provide a citation to the record to support this contention or otherwise identify the admonition he suggests was erroneous. Therefore, his contention fails.  (See *Kalnoki v. First American Trustee Servicing Solutions, LLC*, *supra*, 8 Cal.App.5th at p. 44; *Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628 ["[w]e disregard assertions and arguments that lack record references"].)

From a reference elsewhere in his opening brief, however, it appears Roshan may have in mind statements by the trial court ordering Roshan to stop referring to the excluded evidence of insurance by making comments about the "elephant" in the room and urging that Roshan "not test" the court on this point and "[p]lease . . . not push it."  The record reflects that the trial court's handling of this incident was appropriate.[6]  But in any event, to

[6]     "'A court has inherent power to exercise reasonable control over all proceedings connected with the litigation before it . . . and maintain "the dignity and authority of the court" . . . , and to summarily punish for acts committed in the immediate view and presence of the court when they impede, embarrass or obstruct it in the discharge of its duties.'"  (*Aljabban v. Fontana Indoor Swap Meet, Inc.* (2020) 54 Cal.App.5th 482, 512.)

the extent Roshan contends these comments constituted reversible error, the contention fails for the additional reason that Roshan did not raise the point in the trial court or take any steps to cure the supposed error. (See *People v. Seumanu* (2015) 61 Cal.4th 1293, 1320 ["As a general rule, a specific and timely objection to judicial misconduct is required to preserve the claim for appellate review."]; *People v. Sanders* (1995) 11 Cal.4th 475, 531 [argument the trial court engaged in judicial misconduct was barred on appeal where the appellant did not make an objection to the court's comments that "'would have permitted the court to clarify any possible misunderstanding resulting from the comments'"]; *Aljabban v. Fontana Indoor Swap Meet, Inc.* (2020) 54 Cal.App.5th 482, 512 ["'"An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method."'"].)

> D. *The Trial Court Did Not Err in Issuing the Injunction Against Roshan*

Finally, Roshan contends "the trial court committed reversable [*sic*] error when it granted permanent injunctive relief against [Roshan] on [Villas Del Rey's] cross-complaint in favor of persons who were not parties to the cross-complaint and with regard to alleged violations that were not pleaded." Expanding (slightly) on this contention, Roshan asserts that "[t]his relief was granted under section 8.02 of the CC&RS," which, according to him, was not "alleged, mentioned[,] or pleaded in the cross-complaint." He also argues "the permanent injunction was void

16

because the trial court required no undertaking prior to issuing the permanent injunction."

Again, however, Roshan cites no legal authority to support any of these arguments, and for that reason he has not demonstrated any reversible error. (See *County of Orange v. Smith, supra,* 132 Cal.App.4th at p. 1443; see also *Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 250 [although "Code of Civil Procedure section 529 requires a party seeking a preliminary injunction to post a bond or other undertaking to cover any damages the enjoined party may suffer if it later is determined the injunction was erroneously granted," a "bond is not required to obtain a permanent injunction following a judgment on the merits"]; *Griffin v. Lima* (1954) 124 Cal.App.2d 697, 699 ["a *preliminary* injunction does not become operative until a bond is furnished, and . . . such a bond is expressly required" (italics added)].) Moreover, Roshan cites nothing in the record suggesting he objected to any of these purported errors or raised any of these arguments in the trial court, and therefore he has forfeited these contentions as well. (See *Aljabban v. Fontana Indoor Swap Meet, Inc., supra,* 54 Cal.App.5th at p. 512; *Baxter, supra,* 18 Cal.App.5th at p. 378.)

## DISPOSITION

The judgment is affirmed.  Respondents are to recover their costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.

18